## MEADOWLAKE NURSING HOME ET AL., *v.* MARY L. SULLIVAN

5-6070          486 S.W. 2d 82

### Opinion delivered November 6, 1972

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellants.

*Guy Jones Jr., Guy H. Jones,* and *Phil Stratton,* for appellee.

GEORGE ROSE SMITH, Justice. This is a workmen's compensation case. The appellee, while she was mopping a floor in the course of her employment at the Meadowlake Nursing Home, fell and seriously injured her hip. As a result of the accident the rounded upper end of the claimant's left femur was surgically removed and replaced with a prosthetic knob. When the case was heard by the referee the claimant was not working and testified that she was unable to work. The Commission made a finding of total disability and allowed compensation upon that basis. This appeal is from a circuit court judgment affirming the Commission's award.

We find no merit in the appellants' contention that there is no substantial evidence to support the Commission's finding of total disability. The claimant is a 64-year-old woman with an eighth-grade education. She is not trained for any work except manual labor. Since the operation she must use crutches or a walker or a cane to move about. She cannot engage in the arduous activities that were incident to her work before the accident. The claimant's own testimony is corroborated by other witnesses and by her doctor. Without detailing the proof at length, we think it enough to say that the Commission's finding of total disability is amply supported by the record.

The appellants' main contention for reversal is based upon the testimony of Dr. Grimes, the claimant's physician, who evaluated her medical disability as a 40% impairment of the left leg as a whole. There is no medical testimony indicating any greater impairment. In *Anchor Constr. Co. v. Rice,* 252 Ark. 460, 479 S.W. 2d 573 (1972), we held that the Commission, in fixing a partial disability resulting from an injury scheduled in Ark. Stat. Ann. § 81-1313 (*c*) (Repl. 1960), cannot consider a wage-earning loss in addition to the physical functional loss. Upon the basis of that decision the appellants argue that the Commission erred in allowing anything more than the scheduled compensation for a 40% functional impairment of one leg.

That contention misconceives the basis for our holding in the *Anchor Construction Company* case. There we were considering only a partial disability under Subsection (*c*) of Section 81-1313, *supra*. That subsection provides fixed compensation which covers the functional loss and the wage-earning loss. But Subsection (*a*) provides a different rule with respect to total disability, which is to be determined "in accordance with the facts." We held in *McNeely v. Clem Mill & Gin Co.,* 241 Ark. 498, 409 S.W. 2d 502 (1966), that a scheduled injury may give rise to an award of compensation for total disability

under Subsection (a). *McNeely* was not overruled by *Anchor Construction,* because the wording of Subsection (a) is more liberal than that of Subsection (c). The *McNeely* case is identical in principle with the case at bar and fully sustains the decision of the Commission.

Affirmed.