## Zettie MOSLEY v. EL DORADO SCHOOL DISTRICT et al

73-9                                                   493 S.W. 2d 427

Opinion delivered April 30, 1973

*Camp & Thornton,* for appellant.

*Shackelford & Shackelford,* for appellees.

George Rose Smith, Justice. This workmen's compensation claim is for disability and medical expense resulting from an operation to correct a ruptured disc in the claimant's back. The Commission denied the claim on the ground that the claimant had failed to prove by a preponderance of the evidence that her back was accidentally injured in the course of her employment. The circuit court affirmed the Commission's decision.

The appellant, although recognizing that the substantial evidence rule is controlling, in effect argues that the Commission's decision is contrary to the preponderance of the proof. We, however, are not concerned with the weight of the evidence. The Commission's findings have the force of a jury verdict and must be sustained

if they are supported by substantial evidence. *Herman Wilson Lbr. Co.* v. *Hughes,* 245 Ark. 168, 431 S.W. 2d 487 (1968).

There is ample substantial testimony to support the Commission's denial of the claim. Mrs. Mosley was employed by the appellee school district in the cafeteria kitchen. For some years she had occasionally experienced pain in her back. She testified that on or about February 15, 1969, she injured her back while lifting a box of oranges from a freezer. She was not disabled, however, and continued to work regularly for another month.

On March 14 the claimant again hurt her back at home while she was lifting a load of clothes at her washing machine. She testified that for the first time the pain ran down her leg. Two days later she consulted Dr. Turner, whose case history mentioned only the incident at the washing machine and went on to state: "She has had no previous episodes similar to this." Mrs. Mosley admits that Dr. Turner must have obtained his information from her. Dr. Turner prepared for Mrs. Mosley an insurance claim in which it was indicated that the injury did not arise out of her employment. Dr. Turner diagnosed the claimant's condition as a ruptured disc and suggested the possibility of surgery, which was actually done a few days later. Dr. Lester, the surgeon, testified that in his opinion the disc was already weakened and probably ruptured when Mrs. Mosley lifted the load of washing. Dr. Lester stated that the claimant's work, involving the lifting of from ten to twenty pounds, could also have been an aggravating factor.

Upon the conflicting substantial evidence in the record the Commission might have allowed the claim or might have denied it. The question here, however, is whether the testimony supports the finding that was made, not whether it would have supported the contrary conclusion. *Reynolds Mining Co.* v. *Raper,* 245 Ark. 749, 434 S.W. 2d 304 (1968). Upon the proof in the record we have no choice except to uphold the Commission's decision.

Affirmed.