Calvin WILLIAMS *v.* COCA-COLA BOTTLING COMPANY and ROYAL GLOBE INSURANCE COMPANY

CA 79-5                                                585 S.W. 2d 372

Opinion delivered August 8, 1979
and released for publication August 29, 1979

*Phillip H. McMath*, P.A., for appellant.

*Barber, McCaskill, Amsler, Jones & Hale*, for appellees.

M. STEELE HAYS, Judge. This cause was appealed to the Arkansas Supreme Court and by that Court assigned to the Court of Appeals pursuant to Rule 29(3) of the Arkansas Supreme Court.

This is a Workers' Compensation case.

The appellant, Calvin Williams, was an employee of the respondent, Coca-Cola Bottling Company. On January 6 or 7, 1976, appellant alleged that he suffered an injury to his lower back while unloading stock from one of respondent's trucks. Appellant filed a claim under the Arkansas Workers' Compensation Act for total disability. Judgment was rendered in his favor by the Administrative Law Judge for temporary and total disability, but was reversed by the Full Commission. The Commission found that appellant had had a long history of back pain, and had failed to show substantial evidence that his work had precipitated the injury of which he now complains. Moreover, the opinion of the Commission stated that appellant had failed to indicate for approximately five months (from January 7, 1976 until June 21, 1976) that his condition was work related. The Circuit Court

affirmed the Commission's decision.

The appellant now brings this appeal from the judgment of the Circuit Court. The appellant contends that (1) there was no substantial evidence to support the opinion of the Commission; and (2) that testimony of the claimant's former attorney, Mr. John Forster, in the form of an affidavit, should have been admitted into evidence by the Commission as being relevant to corroborate the claimant's credibility.

We find it unnecessary to address the first point, since the resolution of the second point is determinative.

In reversing the Administrative Law Judge's opinion, the opinion of the Full Commission noted that:

"The first record of claimant seeking medical attention following his alleged injury of January 6 or 7, 1976, is his visit to the University of Arkansas Medical Center surgery clinic on January 7, 1976, with complaints of back pain which claimant attributed to an injury which occurred ten years previously. No mention was then made of receiving any exacerbation of this condition on that or the preceding day even though the pain was described by claimant as "intense." His next visit at the outpatient facility of the same medical agency was for low back pain again related to an injury received eight to ten years ago while he was lifting a pail of water. The medical records of succeeding visits also fail to reflect that claimant received a back trauma on January 6 or 7, 1976, and it is not until June 10, 1976, examination that the claimant first mentioned his current condition as being the result of an on the job injury in early January 1976. While the Administrative Law Judge in his opinion commented that the omission threatened claimant's credibility, we take the position that it, along with other evidence, must defeat the within claim.

The Commission further commented:

"While there is the testimonial account of Willie Champion to suggest that the claimant was in pain on either

January 6 or 7, 1976, its corroborative value is overcome by claimant's failure to indicate for approximately five months following the reputed injury that he was suffering from a work related injury. It is, in our opinion, exceedingly unlikely that one who had sustained an incapacitating injury would neglect to mention its occurrence for several months thereafter."

In support of the Full Commission's refusal to receive the affidavit, appellee cites Rule 14 of the Rules of the Workers' Compensation Commission, which reads, in part:

"Introduction of evidence. All oral evidence or documentary evidence shall be presented to the designated representative of the Commission at the initial hearing on a controverted claim, which evidence shall be stenographically reported. Each party shall present all evidence at the initial hearing. Further hearings for the purpose of introducing additional evidence will be granted only at the discretion of the hearing officer of Commission."

The clear intent of Rule 14 is that all parties shall and will present all evidence at the initial hearing to enable the Commission to render an opinion upon a settled state of facts. There can be no real argument that Rule 14 is a necessary and appropriate Rule of procedure; its adoption and applicability are within the purview of the Commission. We agree with appellee that adherence to the rule is essential to an orderly disposal of cases. There are instances, however, where bending the rule ought to occur to insure the fair and judicious consideration of claims, rather than adherence to the rule for the sake of the rule itself. We are genuinely reluctant to make an exception to the rule when the Full Commission itself has seen fit not to do so and we would not do so except where a patent misstatement of fact (albeit collateral to the issue itself) is preserved in the opinion.

That provision of the Commission's opinion which states that for five months the claimant failed to indicate that he was suffering from a work related injury simply will not repose with the fact that his claim was filed within ap-

proximately two months of the alleged injury and in the face of that material inconsistency of dates we believe the discretion of the Commission should have been toward the side of inclusion of additional (and relevant) evidence rather than toward the side of exclusion.

The case is reversed and remanded with instructions to receive the proffered affidavit for such weight as the Full Commission deems it warrants.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. The basis for the majority holding appears to be that the Workers' Compensation Commission, in their opinion reversing the administrative judge, said "While there is the testimonial account of Willie Champion to suggest that the claimant was in pain on either January 6 or 7, 1976, its corroborative value is overcome by claimant's failure to indicate for approximately five months following the reputed injury that he was suffering from a work related injury." The Commission was saying that it was "approximately five months following the reputed injury" before there was documented medical evidence that he had sustained a work related injury. Because the claimant filed a formal claim on March 12, 1976, the majority appears to be holding that this is reversible error. I disagree. The Commission weighed all of the evidence before it. There was substantial evidence to support the Commission's finding that the claimant had not suffered a compensable, work related injury. When the claimant kept a doctor's appointment the day following the alleged injury, he did not mention the alleged injury. The claimant never reported his injury to his employer, as required by law. There is no objective medical evidence to substantiate the claimant's complaints.

Another basis for the majority holding appears to be that the Commission abused its discretion in not allowing John Forster's affidavit to be admitted into evidence under the Commission's own Rule 14.

In *Mohawk Rubber Co. v. Buford*, 259 Ark. 614, 535 S.W. 2d 819 (1976) the court held that where the decision is based

upon the application of the Commission's own rules, the court will view it in deference to the Commission's treatment of the rules. The Commission is empowered to make such rules and regulations for the administration of the Workers' Compensation Law as may be found necessary [Ark. Stat. Ann. § 81-1343(9)]. Great weight should be accorded the findings of the Commission with reference to compliance with its rules and regulations, since it, being authorized to make them, is in a superior position to determine whether they have been complied with; and testimony must be weighed in its strongest possible light in favor of the Commission's findings. I believe it is significant that although the Commission reversed the administrative judge in a 2-1 decision, the Commission ruled unanimously to deny the appellant's motion to remand the case for additional testimony.

If we force the Workers' Compensation Commission to relax their own rules, the rules become meaningless.

It is my belief that the decisions of the Arkansas Workers' Compensation Commission and the Pulaski Circuit Court should be affirmed, therefore, I respectfully dissent.