Marian F. Penix, Judge. On or about June 28, 1974, the claimant sustained an injury or an aggravation to a preexisting degenerative condition in her back while working for Deltic Farm & Timber Co. Respondents paid claimant temporary total disability benefits until December 16, 1974 and the medical expenses incurred to December 16, 1974. The Administrative Law Judge held the healing period ended November 2, 1976 rather than December 16, 1974. On appeal, the Commission reversed and held the healing period to have ended December 16, 1974. The Circuit Court of Yell County affirmed the Commission and the claimant has appealed. I The claimant contends there was substantial evidence from which the Commission and the Circuit Judge could have found for claimant. Our function is not to determine whether there was substantial evidence to support claimant’s claim, but rather to determine whether there was substantial evidence to support the opinion of the Commission. Barksdale Lumber co. v. McAnally, 262 Ark. 379, 557 S.W. 2d 868 (1977); Turner v. Lambert Construction Co., 258 Ark. 333, 524 S.W. 2d 465 (1975). Claimant suffered an injury June 28, 1974. Initially, she was treated by Dr. James O. Pennington of Ola, Arkansas. Dr. Nixon, an orthopedic surgeon, saw her in July, 1974. Dr. Nixon referred her to Dr. Giles, a neurosurgeon, in September, 1974. Dr. Giles treated claimant and admitted her to Baptist Medical Center for a lumbar myelogram, the results of which were found to be within normal limits. Dr. Giles arranged for an EMG and nerve conduction velocities which revealed no abnormalities. Dr. Giles released the claimant to return to work on December 16, 1974. On January 22, 1975, claimant returned to Dr. Giles complaining of back and leg pain. Dr. Giles stated he could find no subjective or objective evidence that the claimant had a severe back problem. He stated he felt she was overstating her complaints. In February, 1975, Dr. Pennington sent claimant to Dr. James Brown, a neurosurgeon, in Fort Smith. Dr. Brown arranged for a second myelogram, electromyogram, and nerve conduction studies. All were normal. Dr. Brown concluded the claimant’s symptoms could have been aggravated by the June 28, 1974 accident but thought the treatment for osteoarthritis of the spine was the only treatment indicated. Claimant did not try to work between February, 1975 and the October 18, 1976 hearing date. She went to Dr. John Hundley, an orthopedic surgeon, March 24, 1976. Dr. Hundley saw her four times. He arranged for a myelogram and an electromyogram. Dr. Giles performed the electromyogram, the results of which were again normal. Dr. Hundley, however, testified the myelogram results reflected a moderate bulging centrally of the fourth lumbar interspace or a ruptured disc at L4-L5. Dr. Hundley rated claimant’s disability at 10% and stated she could still do light or even moderate lifting. Dr. Giles saw claimant again in October, 1976. Dr. Giles stated he did not see any evidence of radicular pain or progressive neurological deficits. Dr. James Brown testified his only findings were some hypertrophic arthritis of the lumbar spine which did not come from the accident but could have been aggravated by the accident. Dr. Pennington stated he had found no objective evidence of back injury. Dr. Hundley testified that in his opinion the claimant was still temporarily totally disabled. Dr. Hundley did not see the claimant until almost two years after the injury. The reports of Dr. Giles, Dr. Nixon, Dr. Brown, Dr. Miles, and Dr. Pennington are contrary to Dr. Hundley’s reports. The testimony of all these doctors strongly substantiates the claimant is suffering from an arthritic condition which preexisted the incident at Deltic and which was temporarily aggravated by the June 28, 1974 incident. Their testimony indicates claimant was recovered from the temporary disability on December 16, 1974. We find, as did the Commission, the Claimant has failed to prove she is entitled to any additional compensation for temporary total disability. We find substantial evidence to support the Commission and the Circuit Court. II The claimant sought to have the case remanded to the Commission by the Circuit Court in order to consider new evidence. The claimant contends the Circuit Court erred in not remanding the case to the Commission to afford an opportunity for her to present new evidence — namely a letter dated February 28, 1979 from Dr. Barron. At the hearing before the Commission on July 13, 1977, the claimant handed the Commission a letter from Dr. Barron dated June 29, 1977. Dr. Barron’s June 29th letter described treatment for chronic pain syndrome and was in conflict with most of the other medical reports in evidence. In reviewing the February 28, 1979 letter from Dr. Barron, we find it to be cumulative in nature and does not significantly add anything to the June 29, 1977 letter which has already been considered by the Commission. In the case of Mason v. Lauck, 232 Ark. 891, 340 S.W. 2d 575 (1960), the court spelled out the circumstances when a case could be remanded. Justice Ward wrote: . . . nothing is more generally uniformly recognized in our jurisprudence than the power and duty of a trial court to grant a new trial on newly discovered evidence (under proper conditions) in order to prevent miscarriage of justice. The “proper conditions” referred to are, for example, that the movant has exercised due diligence, that the evidence is not cumulative, and that the new evidence would justify a different result. These “conditions” are, we think, sufficient safeguards against undue delays and connivance on the part of the claimant. . . . We do not find the “proper conditions” in this case which would warrant remanding it for new evidence. This case presents a vastly different situation from that found in Williams v. Coca-Cola Bottling Company and Royal Globe, 266 Ark. 736, 585 S.W. 2d 372 (Ark. App. 1979). In Williams, a letter which would have verified the claimant’s testimony he had reported his injury as being job related was not admitted by the Commission. This letter was the only evidence which could corroborate the claimant’s testimony he did not wait five months to connect his injury with his job. This court remanded the case to the Commission to determine the compensability of the injury in light of the letter. In the present case, the letter sought to be admitted is merely cumulative of evidence already before the Commission. The information contained in the February 28th letter was before the Commission when it reached its decision regarding the claimant’s healing period. In reviewing this evidence, we find it was presented to the Commission for its consideration at the July 13, 1977 hearing. From a review of the record, we find substantial evidence to support the opinion of the Workers’ Compensation Commission. Clark v. Peabody Testing Service, 265 Ark. 489, 579 S.W. 2d 360 (1979). We find the Circuit Court of Yell County was correct in affirming the Commission and in its denial of the claimant’s motion to remand the case to the Commission. Affirmed.