1014

Edward TURNER and SOUTHERN FARM
BUREAU INSURANCE COMPANY *v.*
Finis Lee HAYNIE

CA 80-255                                    607 S.W. 2d 86
Court of Appeals of Arkansas
Opinion delivered November 5, 1980

*Griffin, Rainwater & Draper*, for appellants.

*Denver L. Thornton*, for appellee.

DAVID NEWBERN, Judge. The appellants contend there is no substantial evidence in the record to support the workers' compensation commission's determination that the appellee is totally disabled. The appellee sustained a scheduled injury when his arm was mutilated, in the course of his employment, resulting in amputation between the wrist and elbow. The commission determined the physical injury, coupled with its aggravation of the preexisting mental condition of the appellee, caused him to be totally disabled. We agree and, therefore, affirm the commission's decision.

It is clear from the record that before the injury to his arm the appellee would have been classified as illiterate and as a person with considerable psychological disabilities. The contention of the appellants is that there has been no showing that the appellee's condition has been significantly if at all worsened by the physical injury he suffered.

We affirm this award because the testimony of a psy-

chologist, Dr. D. A. Stevens, admitted in the form of a letter, was that the appellee had developed a psychotic reaction to the traumatic amputation. In addition, the testimony by deposition of a psychiatrist, Dr. Walter S. Mizell, was to the effect that the traumatic injury could trigger a new episode of schizophrenia and "it might be the triggering experience that caused him to begin to manifest another [schizophrenic] episode of increasing severity." Another psychiatrist, Dr. William Wood, testified by deposition that the appellee was psychologically affected by the loss of a part of his body and that the ability of an amputee to overcome the tendency to have a reduced level of self esteem would depend upon the strength of the individual. The appellee was not a "strong" individual at the time of his injury. All of this medical testimony constitutes substantial evidence that the injury aggravated the previous mental ailments suffered by the appellee. *Rooney* v. *Travelers Insurance Co. & Charles*, 262 Ark. 695, 560 S.W. 2d 797 (1978); *Corbitt* v. *Mohawk Rubber Co.*, 256 Ark. 932, 511 S.W. 2d 184 (1974).

The parties, in their briefs, have simply emphasized different aspects of the testimony of the witnesses to whom we have referred. Our responsibility is to affirm if we find substantial evidence in support of the commission's decision. *Mosley* v. *El Dorado School Dist.*, 254 Ark. 326, 493 S.W. 2d 427 (1973). Having found it, we affirm.

Affirmed.