## A. G. HAYGOOD and ROCKWOOD INSURANCE COMPANY *v.* Jessie Lee BELCHER

CA 82-28 633 S.W.2d 391

Court of Appeals of Arkansas
Opinion delivered May 26, 1982

*Shackleford, Shackleford & Phillips, P.A.,* for appellants.

*Howell, Price & Trice, P.A.,* for appellee.

GEORGE K. CRACRAFT, Judge. The appellants appeal from a decision of the Arkansas Workers' Compensation Commission awarding the appellee benefits for permanent total disability. The appellee, Jessie Belcher, a timber cutter employed by appellee A. G. Haygood, sustained a compensable injury on April 19, 1976 when a tree fell on him breaking his right leg. He was treated first by Dr. Wynne and subsequently by Dr. Shuffield, who released him to return to work on January 3, 1977, rating his permanent partial disability at 25% to the right leg. When he returned to work his employer said no work was available for him and he has not worked since the injury.

At his first hearing before the Administrative Law Judge on March 29, 1977 appellee contended that he had suffered disability beyond the anatomical rating set by his physician and sought an award for permanent disability benefits in excess of those accepted by the employer. At this hearing appellee and his wife testified to prove that he was forty-four years old with only a fourth grade education and practically illiterate, that since his accident he had continued to suffer pain and was unable to work even in his very limited field. Medical reports of Dr. Wynne and Dr. Shuffield were introduced but there was no medical testimony from any doctor who had seen appellee after his January 3, 1977 release or which evaulated his mental capabilities.

On May 4, 1977 the Administrative Law Judge determined that although appellee's wage earning capacity had been diminished substantially beyond that commensurate with his anatomical rating, these factors did not constitute permanent total disability. Relying on *Anchor Construction Co. v. Rice,* 252 Ark. 460, 479 S.W.2d 573 (1972) he correctly ruled that, in a scheduled injury, absent a finding of permanent total disability, the award must be limited to anatomical disability and entered an award applicable to 25% disability to the right leg. It is only where the facts justify a finding of total disability that the wage loss factors may be considered in increasing benefits for a scheduled injury. *Meadowlake Nursing Home v. Sullivan,* 253 Ark. 403, 486 S.W.2d 82 (1972).

Shortly thereafter appellee changed his counsel, who obtained additional medical and initial mental evaluations. A subsequent request made to the Administrative Law Judge to reopen the case for presentation of additional evidence bearing on the question of permanent total disability was denied. On June 16, 1977 appellee filed a formal pleading with the Commission requesting that the matter be remanded to the Administrative Law Judge for taking this additional evidence. Attached to that motion was a copy of the report of Dr. Douglas A. Stevens, a clinical psychologist who first saw the appellee after the hearing before the Administrative Law Judge. Dr. Stevens had reported that appellee had not only sustained an injury to his leg but had experienced an emotional reaction to that injury which was totally disabling in itself, and which in combination with his problems associated with the injury created a condition of "vocational overkill." Stevens further concluded that appellee was illiterate and mentally defective to such an extent that he was legally incompetent and functioned on such a limited level that he would be difficut to work with even in a sheltered therapeutic workshop.

On July 28, 1977 the Full Commission affirmed the award of the Administrative Law Judge and dismissed the petition to present additional evidence, saying:

Claimant's request to present additional evidence is

denied as the claimant was afforded opportunity to present all of his evidence at a full hearing before the Administrative Law Judge. *To allow the claimant to present evidence accumulated after the Administrative Law Judge's opinion would be to allow him to try the same issue a second time."* (Emphasis supplied)

The appellee filed a timely notice of appeal to the Bradley County Circuit Court, on which no action was taken until December 22, 1978, some eighteen months later. The Circuit Court found that the Full Commission erred in not allowing claimant to present additional, newly discovered evidence that he was totally and permanently disabled. It remanded the case to the Commission and directed them to grant an additional hearing before the Administrative Law Judge in order for claimant to produce "such evidence as he may have showing that he is permanently and totally disabled."

At the hearing before the Administrative Law Judge held pursuant to the Circuit Court's order the appellee and his wife testified about his working ability before the accident, his present inability to work, and his nervousness and tension. Dr. Stevens testified that appellee had suffered a loosening of ties with reality. His condition was consistent with severe retardation or schizophrenic reaction in that he had not only sustained an injury but experienced a severe emotional reaction to it which was of a totally disabling nature, resulting in legal incompetency which required full-time care. The Administrative Law Judge found the physical disability coupled with the mental disability resulting from his injuries constituted permanent total disability. His opinion was affirmed by the Full Commission.

Appellants do not question that the award finally entered by the Commission is supported by substantial evidence. This court in the past has found it proper to combine a scheduled injury with resulting mental condition in reaching a determination of total permanent disability. *Turner v. Haynie,* 270 Ark. 1014, 607 S.W.2d 86 (Ark. App. 1980); *Rooney & Travelers Ins. Co. v. Charles,* 262 Ark. 695, 560 S.W.2d 797 (1978). The sole issue is whether the circuit

court erred in directing that the evidence, on which the Commission ultimately based its award, be admitted for consideration at all.

We do not agree with the appellants that their objection to the testimony of appellee and his wife should have been sustained as repetitious and outside the purview of the circuit court's order. The order did not limit the testimony to medical evidence but permitted the claimant to produce such evidence as he may have to show that he is permanently and totally disabled.

Nor can we agree that the order of the circuit court "allowed appellee to do something that applicable law does not permit, i.e. to introduce additional evidence after an award is made." In this case the appellee did not seek to introduce evidence after the award was made. He first requested the Administrative Law Judge to reopen for hearing additional evidence and then applied to the Commission, before its award was made, to remand the matter to the Administrative Law Judge.

Ark. Stat. Ann. § 81-1323 (b) (Repl. 1976) in pertinent part provides:

> The full Commission *may* remand to a single member of the Commission or a referee, any case before the full Commission for the purpose of taking additional evidence. Such evidence shall be delivered to the full Commission and shall be taken into consideration before rendering any decision or award in such case. (Emphasis supplied)

Rule 14 of the Rules of the Workers' Compensation Commission is set forth in *Williams* v. *Coca-Cola Bottling Co.,* 266 Ark. 736, 585 S.W.2d 372 (Ark. App. 1979), as follows:

> Introduction of evidence — All oral evidence or documentary evidence will be presented to the designated representative of the Commission at the initial hearing on a controverted claim, which evidence shall be stenographically reported. Each party shall present all

evidence at the initial hearing. *Further hearings for the purpose of introducing additional evidence will be granted only at the discretion of the hearing officer or Commission.* (Emphasis supplied)

Clearly the Commission is vested with discretion in determining whether and under what circumstances a case appealed to them should be remanded for taking additional evidence. On appeal an exercise of that discretion will not be lightly disturbed. However, in the case at bar, neither the hearing officer nor the Commission appear to have exercised any discretion at all; they merely applied a hard and fast rule.

In *Williams, supra,* the court declared that the clear intent of Rule 14 is that all parties should have and present all evidence at the initial hearing to enable the Commission to render an opinion upon a settled state of facts, and that there could be no argument that the rule was not necessary and appropriate. The court further held, however, that these considerations were less important than justice and there are instances where "bending the rule ought to occur to insure the fair and judicious consideration of claims, rather than adherence to the rule for the sake of the rule itself." Especially is that true where, as here, the proffered evidence considered on the mandate of the trial court convinced both the hearing officer and the full Commission that the appellee's claim was meritorious. The exclusion of that evidence under the application of Rule 14 would have resulted in a manifest injustice.

At the time the Administrative Law Judge refused to open the matter for taking additional evidence and when the Commission refused to direct him to do so, both had the report of Dr. Stevens before them, along with appellee's proffer to produce additional similar evidence. This proffered evidence was not merely repetitious or cumulative but was highly relevant to the question of the full extent of claimant's wage earning disability. In denying the motion neither the hearing officer or the Commission appears to have considered the proffer itself and its impact on the case, but denied the motion without regard to relevance of the new evidence.

We also do not agree with appellants' contention that the evidence of Dr. Stevens and those other medical witnesses who testified at the final hearing was within appellee's knowledge and therefore not newly discovered or otherwise obtained in a manner or time which justified reopening the case. In *Mason* v. *Lauck,* 232 Ark. 891, 340 S.W.2d 575 (1960) our court addressed the question of when and under what circumstances a matter should be remanded by the Full Commission or to the Full Commission on proffer to present newly discovered evidence. There the Supreme Court set out the following prerequisites:

(1) Is the newly discovered evidence relevant?

(2) Is it cumulative?

(3) Would it change the result?

(4) Was the movant diligent?

Certainly evidence showing the extent of mental impairment resulting from the injury was relevant to a determination of total disability. This evidence was not merely cumulative. The medical evidence introduced at the final hearing consisted of new medical evaluations of appellee's mental and physical capabilities. Obviously it would change the result; the result *was* changed. The remaining question concerns appellee's diligence. At the time of the initial hearing the only medical testimony offered was short statements of Drs. Wynne and Shuffield setting out the nature and extent of the leg injury and assigning an anatomical disability. Neither of those doctors had seen appellee subsequent to his release, nor had they ever evaluated his mental condition. According to the evidence subsequently introduced the appellee was, at the time of the initial hearing, schizophrenic and so mentally impaired as to border on legal incompetency. He had not received a mental evaluation by anyone qualified to make such a report. The full extent of his mental impairment was not known until examination by Dr. Stevens which took place after the initial hearing. To hold that one as mentally incapacitated as the appellee, who apparently did not realize

the full extent of his own condition, did not act with diligence in determining that fact would be unduly harsh.

The Commission should have exercised its discretion based on these considerations. We agree with the Circuit Court that it did not do so.

Affirmed.