# Milton TAYLOR *v.* PFEIFFER PLUMBING & HEATING CO. and AETNA CASUALTY & SURETY

CA 82-482                                         648 S.W.2d 526

Court of Appeals of Arkansas
Opinion delivered April 13, 1983

*J. Fred Jones,* for appellant.

*Friday, Eldredge & Clark,* by: *Donald H. Bacon,* for appellees.

TOM GLAZE, Judge. In this workers' compensation case, the appellant suffered a compensable injury on November 5, 1979, while working under a truck when its transmission fell on his left shoulder and chest. The primary question in this appeal is whether appellant sustained an injury scheduled under Ark. Stat. Ann. § 81-1313 (c) (1), (22) (Repl. 1976), or whether the injury should be apportioned to the body as a whole under § 81-1313 (d). The Commission affirmed the Administrative Law Judge's decision that appellant sustained a scheduled injury, finding the impairment was related to the arm and did not produce a permanent and total disability. We reverse.

The Administrative Law Judge's decision appears to have been based upon the medical evaluation and opinions of Dr. Joe K. Lester. On November 22, 1980, Lester wrote that as a result of appellant's injury, he sustained a 10% permanent physical impairment to his left upper extremity. On December 1, 1981, Lester reported appellant would have problems at or above the shoulder level and related his physical impairment to his upper extremity and "not to the body as a whole." Again, on April 20, 1982, Lester indicated he found no permanent physical impairment, except that which he previously indicated appellant had to his arm. This final report by Lester was in response to the Judge's request for the Doctor to either confirm or revise his previous conclusion that appellant sustained a scheduled injury. In making the request, the Judge indicated the injury was scheduled if it caused impairment below the shoulder. He defined shoulder as the junction of the arm and the trunk.

While we have no problem with the Judge's definition of shoulder, we cannot agree that appellant's shoulder injury falls within the list of scheduled injuries in Ark. Stat. Ann. § 81-1313 (c) (Repl. 1976).[1]

---

[1]Although not binding on this Court, appellant cites three prior Commission decisions which held that the shoulder was a part of the unscheduled trunk of the body and not a scheduled member. *Ruston* v. *M&S Lumber Company*, WCC Claim No. 613480 (November 30, 1978); *King* v. *Prescolite*, WCC Claim No. 448501 (October 16, 1975); and *Smith* v. *Johnson Timber Company*, WCC Claim No. 149175 (January 23, 1974).

The Judge and Commission found appellant's injury scheduled under Ark. Stat. Ann. § 81-1313 (c) (1), which provides:

> (1) Arm amputated at the elbow, *or between* the elbow and shoulder, two hundred (200) weeks. (Emphasis supplied).

In reviewing the language contained in § 81-1313 (c) (1), we keep in mind that Arkansas law requires that an injury scheduled under § 81-1313 (c) cannot be apportioned to the body as a whole in determining the extent of permanent partial disability as distinguished from permanent total disability. *Haygood* v. *Belcher,* 5 Ark. App. 127, 633 S.W.2d 391 (1982); *Anchor Construction Co.* v. *Rice,* 252 Ark. 460, 479 S.W.2d 573 (1972); and *Moyers Brothers* v. *Poe,* 249 Ark. 984, 462 S.W.2d 862 (1971). Thus, the rule in Arkansas is that a claimant sustaining a scheduled injury is limited to the applicable allowances set forth in § 81-1313 (c) and such benefits cannot be increased by considering wage loss factors absent a finding of permanent total disability. *See Haygood* v. *Belcher, supra.*

The test of whether appellant's shoulder injury falls within § 81-1313 (c) (1), (22) is primarily a question of law and has nothing to do with whether a doctor relates the effects of the injury to the arm. Shoulder is defined as that region where the scapula (shoulder blade) meets the clavicle (collar bone) and the humerus (the bone of the upper arm). 3 *Schmidt's Attorneys' Dictionary of Medicine* S-17 (1979); *see also, Stedman's Medical Dictionary* (5th ed. 1982). In the instant case, the medical evidence showed conclusively that appellant sustained an injury to his left shoulder — not one between the shoulder and the arm. Dr. Lester's examination showed crepitus in appellant's left shoulder joint on active and passive motion which was consistent with degenerative changes in the rotator cuff mechanism in his shoulder. These changes were related to the injury. The rotator cuff is that structure consisting of muscle and tendon fibers blending with and thus strengthening the upper half of the shoulder joint. 3 *Schmidt's Attorneys' Dictionary of Medicine* R-87 (1979). As noted earlier, Lester also specifically

mentioned appellant would have problems at or above the shoulder level.

In sum, the evidence undisputedly shows that appellant's injury was to his left shoulder. Even if the effects of the shoulder injury extended into his arm (between the elbow and shoulder), this fact would not make the injury a scheduled one. Appellant's shoulder impairment is clearly an unscheduled injury which should have been apportioned to the body as a whole pursuant to Ark. Stat. Ann. § 81-1313 (d). *Accord McCarty* v. *Campbell Plumbing Co.,* 234 So.2d 895 (Ala. Civ. App. 1970); *Jewell* v. *Wood,* 130 So.2d 277 (Fla. 1961); *Haggard* v. *Snyder Construction Co.,* 479 S.W.2d 142 (Mo. Ct. App. 1972).

Therefore, we reverse and remand this cause to the Commission so that appellant's impairment can be apportioned correctly under § 81-1313 (d) and benefits can be redetermined accordingly.

Reversed and remanded.