Tommy HILL *v.* WHITE-RODGERS

CA 83-318                                    665 S.W.2d 292

Court of Appeals of Arkansas
En Banc
Opinion delivered February 29, 1984
[Rehearing denied March 28, 1984*.]

*MAYFIELD, C.J., and COOPER, J., would grant rehearing.

*Highsmith, Gregg, Hart, Farris and Rutledge,* by: *Linda F. Boone,* for appellant.

*Harkey, Walmsley, Belew & Blankenship,* for appellee.

GEORGE K. CRACRAFT, Judge. Tommy Hill appeals from an order of the Workers' Compensation Commission adopting the findings and conclusions of the administrative law judge that his injury was a scheduled one which could not be apportioned to the body as a whole and that therefore wage earning factors could not be considered in addition to the functional loss as provided in Ark. Stat. Ann. § 81-1313(c) (Repl. 1976). He argues that the Commission erred in refusing to consider additional evidence not presented to the

administrative law judge but proffered by the appellant on his appeal. We find no error.

In April 1979 the appellant sustained a crushing injury to his right foot while working for White-Rodgers. After a period of temporary total disability the appellant returned to work for appellee. Dr. H. Austin Grimes rated appellant's permanent partial disability at that time at 15% to the right leg. Although the injury was to the foot, Dr. Grimes' rating was based on his determination that the pain from the foot extended to the leg. Around the same time, Dr. Jerry L. Thomas rated his disability at 25% to the foot. Appellant was paid full permanent partial disability benefits by his employer for a 25% loss to the lower right extremity.

The appellant continued to experience difficulty because his foot injury caused pain to go up his leg into his hip and resulted in numbness to his leg. He changed jobs several times until he found employment which did not require him to be on his feet for prolonged periods, and at the time of the hearing in January 1983, he was employed at an hourly wage rate almost double what he was being paid at the time of his injury.

In December 1982, appellant had sought and obtained from Dr. Grimes a report that appellant had "5% or less permanent partial rating to the body as a whole." By two subsequent reports Dr. Grimes clarified his earlier one in the following language:

> The patient's attorney requested that I rate him regarding the body as a whole. I then gave him a 5% PPPI rating as regards the body as a whole. *It is not from a new injury.* [Emphasis supplied]

> . . . .

> This patient was given a 5% PPPI rating for his injury as it relates to the body as a whole. He was given a 15% PPPI rating *for the same injury* for how it relates to the leg as a whole. *An injury to the foot affects the leg as a whole and at the same time affects the body as a whole.* [Emphasis supplied]

All of the above reports were a part of the record before the administrative law judge.

At a hearing before the administrative law judge the claimant stated:

> MR. FARRIS: It's the claimant's contentions, Judge, that the injury to the foot has now become under Dr. Grimes' medical report, an injury to the body as a whole, and the claimant is entitled to be compensated for an injury to the body as a whole. Dr. Grimes gives him a 5% rating to the body as a whole, permanent partial injury.

> JUDGE MAZZANTI: As I understand it, the claimant requests instead of the rating to the right lower extremity, a rating which has already been paid of 25%, the claimant is contending he's entitled to the difference between the 25% to the right lower extremity and 5% to the body as a whole.

> MR. FARRIS: Yes, sir, by his education, age and work experience.

The administrative law judge ruled that the injury to appellant's lower extremity was a scheduled one and correctly denied the claim and ruled that absent a showing of total disability a scheduled injury cannot be apportioned to the body as a whole. *Taylor* v. *Pfeiffer Plbg. & Htg. Co.,* 8 Ark. App. 144, 648 S.W.2d 526 (1983); *Haygood* v. *Belcher,* 5 Ark. App. 127, 633 S.W.2d 391 (1982); *Clark* v. *Shiloh Tank & Erection Co.,* 259 Ark. 521, 534 S.W.2d 240 (1976); *Meadowlake Nursing Home* v. *Sullivan,* 253 Ark. 403, 486 S.W.2d 82 (1972); *Anchor Const. Co.* v. *Rice,* 252 Ark. 460, 479 S.W.2d 573 (1972).

Shortly after the administrative law judge's opinion was announced, the appellant filed a notice of appeal to the Commission in which he requested permission to brief and orally argue the matter and to supplement the record with additional medical evidence. Attached to his petition was

the following one paragraph letter from Dr. Grimes to appellant's attorney:

> This is in regard to our telephone conversation of March 17, 1983. This gentleman's rating was altered because his foot and leg pain altered his gait increasing the action and work of his back which aggravated his back condition as well. If any further information is needed please let me know.

The Commission entered an order denying the motion to submit additional evidence and stated that it found no reason to depart from the basic mandate of Ark. Stat. Ann. § 81-1327(c) (Supp. 1983) which provides that each party shall present all evidence at the initial hearing and a further hearing for the purpose of introducing additional evidence can be granted only in the discretion of the hearing officer or the Commission. In that order, the Commission recited that in reaching its decision on the motion it had been guided by the prerequisites set out in *Mason* v. *Lauck,* 232 Ark. 891, 340 S.W.2d 575 (1960) and *Haygood* v. *Belcher, supra.* The appellant then withdrew his request for briefs and oral arguments and submitted the matter to the Commission, which in a subsequent order affirmed the findings and conclusions of the administrative law judge.

In *Haygood* v. *Belcher, supra,* we declared that the Commission is vested with discretion in determining whether and in which circumstances a case appealed to it should be remanded for taking additional evidence and that their ruling will not be reversed on appeal unless there is an abuse of that discretion. In *Haygood* we determined that the Commission had not exercised its discretion in that case. In *Haygood* we reiterated the rules set out in *Mason* v. *Lauck, supra,* concerning when such a motion to present new evidence should be granted: 1) Is the new evidence relevant; 2) is it cumulative; 3) would it change the result; and 4) was the movant diligent?

Although it was argued in our conference of this case that *Haygood* and *Mason* are distinguishable from the matter now under review and that the Commission, in

considering these criteria, acted arbitrarily, we do not address that issue because it was not argued in appellant's brief. In fact the appellant concedes, and the majority here agree, that the Commission applied the right criteria. Appellant argues only that the Commission erred in its finding that the proffered evidence was not relevant. The majority adheres to the long established and familiar rule of procedure that we do not consider points not advanced on appeal. *Hazen* v. *City of Booneville,* 260 Ark. 871, 545 S.W.2d 614 (1977); *Cummings* v. *Boyles,* 242 Ark. 923, 415 S.W.2d 571 (1967). This rule has been applied with equal force to appeals from the Arkansas Workers' Compensation Commission. *Bradford* v. *Ark. State Hospital,* 270 Ark. 99, 603 S.W.2d 896 (Ark. App. 1980); *W. Shanhouse & Sons, Inc.* v. *Simms,* 224 Ark. 86, 272 S.W.2d 68 (1954).

Appellant does argue that our prior decisions which limit a scheduled injury, except where there is total permanent disability, are inequitable and produce unfair results. He contends that we should reconsider this rule and that if we do so, the proffered evidence would be relevant. In view of the long line of cases which have held the adopted rule to be a clear mandate from the legislature, we decline to do so. We agree with the statement of Justice George Rose Smith in *Intl. Paper Co.* v. *Remley,* 256 Ark. 7, 505 S.W.2d 219 (1974), in which he said, "Of course the courts are bound by the legislature's decision to adopt a rigid rule in the case of scheduled injuries." Under our prior decisions the proffered evidence would not be relevant and could not change the result. We find no abuse of discretion in refusing to reopen the record where it is shown that such a procedure would be futile. Additionally, we note that the proffered evidence was merely cumulative of that previously submitted.

Appellant also argues that if we are unwilling to reconsider the established rule, we should hold that a scheduled injury "need not preclude a finding that another compensable injury, which is not a total permanent injury, may be found to exist and may be compensated for." He argues that if proof could have been submitted to the Commission that appellant had suffered an unscheduled

injury as a result of his scheduled one, his disability might have been apportioned to his body as a whole and contends that the proffered evidence was relevant for that purpose. The courts have already declared that where a worker has received a scheduled injury and subsequently receives an unscheduled one, he may be compensated for both, but other wage loss factors may be taken into consideration only with regard to the unscheduled one absent a finding of total disability. *Clark* v. *Shiloh Tank & Erection Co., supra.*

However, we find no merit to this argument. First, this argument was not made to the Commission and no contention was made before the administrative law judge that the claim was being made for a second, unscheduled injury. Appellant contended only that he had sustained a single injury to his lower extremity and that the pain resulting from it should be apportioned to his body as a whole. Nor does appellant's one paragraph letter petition to the Commission raise that issue. It merely states that he wishes "to supplement the record" made before the administrative law judge. In all his previous reports Dr. Grimes had made it clear that there was no new injury and the proffered letter gave no indication of a claim on a second independent injury resulting from the scheduled one or the extent of any resulting disability on which the Commission might have based a finding. Although this point was also argued in our conference the majority adheres to the well established rule that grounds for relief cannot be asserted for the first time on appeal and that this rule applies to appeals from the Workers' Compensation Commission. *Ashcraft* v. *Quimby,* 2 Ark. App. 332, 621 S.W.2d 230 (1981); *Jeffery Stone* v. *Lester H. Raulston,* 242 Ark. 13, 412 S.W.2d 275 (1967).

Affirmed.

MAYFIELD, C.J., and COOPER and CORBIN, JJ., dissent.

MELVIN MAYFIELD, Chief Judge, dissenting. I have two basic problems with the majority opinion and must respectfully dissent.

My first concern is with the case of *Haygood* v. *Belcher,*

5 Ark. App. 127, 633 S.W.2d 391 (1982), relied upon by both the Commission and the majority opinion. I have no trouble with the result of that case, but, in my judgment, its reasoning is wrong and it has misled the Commission in this case. Since I agreed to the opinion in *Haygood,* I want to acknowledge my error and explain what I think is wrong with that opinion.

In that case, just as in the instant case, after the administrative law judge had issued his decision, the claimant appealed to the full Commission and requested permission to present additional evidence. While the opinion in *Haygood* states that the claimant filed a motion requesting that the matter be remanded to the law judge for the taking of additional evidence, it may not be clear that a motion to present additional evidence was also filed. I have examined the briefs in the case and a motion to present additional evidence was filed with the Commission at the same time the notice to appeal was filed, and the motion was denied in the same opinion that affirmed the law judge's decision. Although the opinion of this court in *Haygood* is directed mainly to the remand motion (the considerations are surely the same), it also discusses the Commission's Rule 14 and the application of that rule in *Williams* v. *Coca-Cola Bottling Co.,* 266 Ark. 736, 585 S.W.2d 372 (Ark. App. 1979).

Rule 14 has now been incorporated verbatim into Ark. Stat. Ann. § 81-1327(c) (Supp. 1983), by Act 290 of 1981, and this act was in effect at the time of the decision of the Commission in this case. The act plainly states that all evidence should be presented at the initial hearing, and that further hearings for the purpose of introducing additional evidence "will be granted only at the discretion of the hearing officer or Commission." The *Haygood* opinion recognized the discretionary ingredient but measured its application by the four prerequisites set out in *Mason v. Lauck,* 232 Ark. 891, 340 S.W.2d 575 (1960). The problem is that *Mason* did not involve the same situation involved in *Haygood.* In *Mason* the Commission's decision was appealed to circuit court, as the law at that time provided, and a motion was filed in that court asking that the case be remanded to the Commission for the purpose of considering

newly discovered evidence. The circuit court held it had no authority to grant that motion, but the Arkansas Supreme Court held that the same authority existed to grant that motion as existed to grant a similar motion in the usual civil or criminal case filed in circuit court. The opinion then set out four prerequisites, (which were later set out in *Haygood* and which are set out in the opinion in the instant case) and said, if those prerequisites were met, the circuit court should remand the case to the Commission for it to consider the newly discovered evidence.

Now that is not the same situation involved in the instant case. Here, there was a request to the *Commission* asking that the appellant be allowed to introduce *additional* evidence for the Commission to consider *when it decided* the merits of the case. In *Mason* there was a motion in *circuit court* asking that it remand the matter back to the Commission for it to consider *newly discovered* evidence to determine if it should change a decision it had *already made* on the merits of the case. In my defense, and in defense of the opinion in *Haygood,* I would note that while the circuit court there reversed the Commission's refusal to allow additional evidence to be introduced and remanded the matter to the Commission for it to hear that evidence, on appeal of that order to this court, the appellant's brief relied upon *Mason* and argued the matter as if the circuit court had remanded on a motion made in circuit court. The situations, however, are clearly different and the difference is crucial.

It is true, of course, that this court can hold that the discretion granted the Commission under Ark. Stat. Ann. § 81-1327(c) should be exercised only if the prerequisites set out in *Haygood* are present. But the legislature did not so confine the Commission's discretion, and neither did *Williams* v. *Coca-Cola Bottling Co., supra,* when it applied Rule 14. It is apparent that the discretion granted the Commission by the legislature has been severely limited by *Haygood.* That the Commission recognized this is indicated by its order which significantly stated, "In reaching our decision on this motion we have been guided by the four prerequisites set out in *Mason* v. *Lauck,* 232 Ark. 891, 340 S.W.2d 575 (1960), which was recently affirmed in *Haygood*

v. *Belcher,* 5 Ark. App. 127, 633 S.W.2d 391 (1982)."
Undoubtedly, the Commission applied these prerequisites
because it thought it was required to do so. If it wants to
place these conditions on its discretion, it has that authority,
but it should tell us, not tell us we told it. I would admit that
our reasoning was wrong in *Haygood* and would remand
the instant case to the Commission for it to exercise the
discretion granted by the legislature, and I would interfere
with that discretion only to the extent that it is abused.

The majority opinion simply brushes over the above
considerations with the statement that the appellant
concedes that the Commission applied the right criteria.
The appellant, says the majority, only argues that the
Commission erred in its finding that the proffered evidence
was not relevant and, therefore, we are excused from
worrying about the matter because we do not consider points
not advanced on appeal.

I have searched the appellant's brief very carefully and
have not found where he concedes that the Commission
applied the right criteria. I do find where he sets out the
criteria referred to in *Mason* and where he says since the
Commission said it was guided by the four prerequisites set
out in *Mason* and affirmed in *Haygood,* and since he
thought neither of the other three was involved, he thought
it apparent that the Commission felt the proffered evidence
did not meet the relevance requirement. I also notice that the
only point relied upon in appellant's brief is that the
Commission erred in failing to consider the additional
evidence proffered by him, and I notice that he concludes his
brief by asking that we remand this case to the Commission
for it to consider his proffered evidence. The point he relies
upon and the relief he wants is clear enough to me, and
I have no trouble understanding the statement in his
argument that "The Arkansas Statutes vest in the Com-
mission discretion in deciding whether to hear additional
evidence."

I think it is also worth noting that the fair and judicious
consideration of the claims of injured workers in this state is
important to employees, employers, and the state in general;

and that it is not always considered wrong for a court to decide a matter on its own motion. In Leflar, *Appellate Judicial Opinions* 129 (1974), Dr. Leflar has reprinted portions of a law review article in which the following statements are found:

> Occasionally an appellate court will consider a matter sua sponte because of the demands of justice. This is a reflection of one of the purposes of appellate review — justice for the parties. . . . When the matter involves more than just the individuals, and involves a reflection on the courts and the judicial system, there is more willingness to consider it sua sponte.

Vestal, *Sua Sponte Consideration in Appellate Review*, 27 Fordham L. Rev. 477, 509-10 (1959).

My other basic problem with the majority opinion is its failure to recognize the extent of the claim that the appellant made before the administrative law judge and the Commission. The record shows that at a hearing held on January 25, 1983, the appellant's attorney stood before the law judge and told him that it was the appellant's contention that according to Dr. Grimes' medical report the appellant's foot injury had become an injury to the body as a whole; that Grimes gave appellant a 5% disability rating to the body as a whole; and that the appellant was entitled to be compensated for an injury to the body as a whole.

Several reports from Dr. Grimes were introduced into evidence. One dated September 19, 1980, stated appellant had a disability of 15% to the leg as a whole. The last one, dated January 11, 1983, states that appellant has been given a 5% disability rating to the body as a whole. Despite these reports and despite appellant's testimony that his foot injury had ultimately caused numbness in the upper part of his hip, the law judge held, as the majority opinion states it, "that the injury to appellant's lower extremity was a scheduled one and . . . absent a showing of total disability a scheduled injury cannot be apportioned to the body as a whole."

The appellant then filed an appeal to the full Commission and, in his notice of appeal, requested oral argument and permission to supplement the record with additional medical evidence. Subsequently, he sent the Commission another report from Dr. Grimes. That report simply clarified the doctor's previous reports by stating that the appellant's rating was changed "because his foot and leg pain altered his gait increasing the action and work of his back which aggravated his back condition as well." The Commission, however, would not allow this report into evidence. The appellant then withdrew his request for oral argument and the Commission affirmed and adopted the law judge's decision. It is my view that the Commission rejected the report because it thought this was required by *Mason* and *Haygood,* but at any event, it is perfectly obvious that the appellant was still seeking an award for disability to the body as a whole.

Appellant next appealed to this court and in his brief he argues, as the majority opinion states, "that our prior decisions which limit a scheduled injury, except where there is total permanent disability, are inequitable and produce unfair results." However, the majority opinion fails to mention that appellant also argues "it is not merely that inequity that appellant relies upon in urging the court to adopt a different stance in this type of situation." He then quotes Ark. Stat. Ann. § 81-1313(d) (Repl. 1976), which provides that a permanent partial disability not scheduled in subsection (c) shall be apportioned to the body as a whole, and the appellant's brief then states:

> If proof could have been submitted to the Commission that Mr. Hill had suffered such an injury as a result of the injury to his foot, neither this statute nor the statute listing the scheduled injury precludes apportioning the injury to the body as a whole.

From the above it seems clear enough to me that the appellant has consistently claimed, at each stage of this matter, that he is entitled to an award for a disability to the body as a whole. The majority opinion, however, says this issue is being raised here for the first time. I think the

majority's failure to recognize the extent of the claim made before the law judge and the Commission may come from a failure to fully appreciate the case of *Clark* v. *Shiloh Tank & Erection Co.*, 259 Ark. 521, 534 S.W.2d 240 (1976), cited in appellant's brief and referred to in the majority opinion.

In that case the claimant received an injury that required a surgical amputation of his foot. The Commission awarded him, under the scheduled injury section of the act, 125 weeks of compensation for the loss of his foot, *plus an additional* 22.5 weeks for a 5% disability to the body as a whole for a back injury which the Commission found was *attributable to the loss of the foot.* The majority opinion cites the *Clark* case as support for a statement which contains the phrase "where a worker has received a scheduled injury and subsequently receives an unscheduled one, he may be compensated for both." That interpretation of the case may explain the position taken by the majority opinion that "no contention was made before the administrative law judge that the claim was being made for a second, unscheduled injury." But *Clark* does not treat the claimant's back injury as a *second* injury and it does not say he *subsequently* received an unscheduled injury. The case says the Commission found the back injury "was attributable to the loss of the foot."

That is what the appellant claims in this case. That is what the report offered to the Commission was trying to make clear. The Commission refused to allow the report into evidence and gave as its reason the holdings in the *Mason* and *Haygood* cases. We should reverse and remand with directions to the Commission to rule upon the admissibility of the report in the exercise of the discretion granted it by Ark. Stat. Ann. § 81-1327(c) (Supp. 1983), and not by the application of the prerequisites set out in the *Mason* and *Haygood* decisions. I dissent from our failure to take that action.

Cooper and Corbin, JJ., join in this dissent.