John WOOTEN *v.* ARKANSAS ALUMINUM WINDOW AND DOOR, INC., et al.

CA 85-448                706 S.W.2d 198

Court of Appeals of Arkansas
Division I
Opinion delivered March 26, 1986
[Rehearing denied May 21, 1986.*]

*Lesly W. Mattingly*, for appellant.

*Walter A. Murray Law Firm*, by: *William C. Frye*, for appellee.

TOM GLAZE, Judge. John Wooten appeals from a Workers'

---

* Mayfield, J., dissents; Cloninger, J., and Wright, Sp. J., not participating.

Compensation Commission decision which affirmed the administrative law judge's finding that appellant was not entitled to temporary total disability benefits, but reversed a finding that the record was not sufficiently developed to determine the extent of permanent disability. For reversal, appellant contends that the Commission acted without power, or in excess of its powers, in ruling that the law judge could not hold in abeyance the issue of permanent partial disability and deciding appellant failed to prove any permanent disability. We remand.

Appellant sustained a compensable back injury on April 4, 1984. He contended he was entitled to both temporary total and permanent partial disability benefits.[1] Appellant was the only witness called at the hearing, although letters written by two medical doctors and a chiropractor were introduced. After several months of treatment, Dr. Carpenter, the chiropractor, gave appellant a permanent impairment rating of 25% to the body as a whole. In July 1984, Dr. Saer, an orthopedist, performed a CT scan which showed a mild bulge at L5-S1. Dr. Saer reported that appellant did not want to undergo a myelogram at that time. On December 27, 1984, appellee submitted to the administrative law judge a letter from Dr. Wilson, an orthopedist, in which he suggested appellant undergo a myelogram. Dr. Wilson also stated that "[t]he medical findings that are present indicate a herniated nucleus pulposus. . . ." Appellant testified that he was afraid to undergo a myelogram because he did not like needles. However, he stated that "if it came down to it, I would take a myelogram if I get worse."

At the hearing before the law judge on October 11, 1984, appellee reserved the right to take depositions of doctors Saer and Carpenter, and the law judge took the case under advisement pending the taking of those depositions. On January 2, 1985, the law judge issued his opinion denying temporary total benefits but reserving a finding on the permanent disability issue because "the degree of [appellant's] permanent partial impairment could not be determined at this time." The law judge, noting appellant's

---

[1] The administrative law judge found that appellant was not entitled to temporary total disability benefits because he continued to draw his full salary during his healing period. That finding was affirmed by the Commission, and it is not in issue here.

remark that he would take a myelogram, stated that it is only reasonable to assume that if the appellant, after having a myelogram, is diagnosed as having a herniated nucleus pulposus, either with or without surgery, appellant would have an anatomical rating of permanent partial impairment.

Appellant appealed the law judge's decision and filed with the Commission a motion to submit new evidence, including certain medical depositions. The Commission denied the motion, upheld the law judge's denial of temporary total benefits and found the appellant had failed to meet his burden of proof on the issue of permanent partial disability.

In support of its opinion, the Commission cited *Hill* v. *White-Rodgers*, 10 Ark. App. 402, 665 S.W.2d 292 (1984), and *Haygood* v. *Belcher*, 5 Ark. App. 127, 633 S.W.2d 391 (1982), which list the prerequisites for remands by the Commission for the taking of new evidence. Those cases, however, involved requests by appellants to reopen their cases to submit additional evidence after the law judges decided the disability issues. Here, the law judge, after denying temporary disability benefits to appellant, expressly reserved his decision on the permanent disability claim. While the Commission found fault with the law judge in withholding his decision on the permanency issue until that issue was fully developed, we are unaware of any reason why he could not do so. Clearly, the law judge, under Ark. Stat. Ann. § 81-1327(c) (Supp. 1985), had discretion to order further hearings for the purpose of introducing additional evidence even though that same provision directs that each party must present all evidence at the initial hearing. Thus, if the law judge can order additional evidentiary hearings, *a fortiori*, the judge necessarily should have the power and discretion to reserve his or her decision on a related issue which might be affected by any additional evidence.

We can appreciate the Commission's interest in encouraging a prompt resolution of pending claims, but the law judge, under the circumstances here, had the discretion to reserve his ruling on the permanent disability issue. Until the law judge hears and decides that issue, the Commission is in no position to conduct a *de novo* review regarding appellant's permanent disability claim. Therefore, we remand this cause with direction

to permit the law judge to hear and decide that issue.

Remanded.

CRACRAFT, C.J., and COOPER, J., agree.

Rehearing Denied May 21, 1986

709 S.W.2d 412

PER CURIAM. Petition for Rehearing is denied.

MAYFIELD, J., dissents.

CLONINGER, J., and WRIGHT, SP. J., not participating.

MELVIN MAYFIELD, Judge, dissenting. The majority of the court has today refused to grant the petition for rehearing filed by the appellees in this case. The original opinion, *Wooten* v. *Arkansas Alum. Window & Door, Inc.*, 17 Ark. App. 209, 706 S.W.2d 198 (1986), was handed down by a division of this court, but under Ark. Stat. Ann. § 22-1211 (Supp. 1985), petitions for rehearing are decided by the court en banc. I dissent from the refusal to grant rehearing because I think the original opinion grants an administrative law judge procedural discretion in excess of that allowed the full Commission itself.

John Wooten, appellant in this court, filed a claim with the Commission on July 20, 1984, by letter from his attorney which requested "that this matter be set for a hearing at the earliest convenience of the Commission on the issues of *permanent* and temporary total disability." (Emphasis added.) A hearing was held by an administrative law judge on October 11, 1984, at which counsel for Wooten contended his client was entitled to payment of medical expenses, temporary disability benefits, and "either permanent partial or permanent and total disability, minimum of twenty-five percent permanent partial." The employer's counsel denied that Wooten was entitled to an award for any of these benefits.

At the conclusion of the hearing, the law judge took the matter under advisement subject to the introduction of a report from Dr. John Wilson, which was subsequently submitted, and the depositions of two other doctors, provided the parties notify him within 15 days that the depositions had been scheduled. The

depositions were not taken, and on January 2, 1985, the law judge filed his opinion finding Wooten entitled to payment of all reasonable and necessary medical expenses; that he was not entitled to temporary total benefits since he had drawn full salary during the healing period; and that the record was "not sufficiently developed to make a finding as to permanent disability."

Wooten filed notice of appeal to the full Commission stating the law judge's decision was contrary to the facts and the law. He also filed a motion to submit additional evidence to the full Commission. The motion was denied, the law judge's decision as to temporary total disability was affirmed, and Wooten's "claim for permanent partial disability benefits" was denied and dismissed. In discussing this matter, the Commission said that the law judge erred in holding that the record was "not sufficiently developed to make a finding as to permanent disability." The Commission found there was sufficient evidence to make a finding on that issue, and held that Wooten failed to prove by a preponderance of the evidence that he was entitled to permanent disability benefits. Pointing out that counsel for appellant admitted, on oral argument before the Commission, that all the "additional" evidence he wanted to submit had been obtained after the law judge's decision, the Commission said:

> It is obvious that counsel for Wooten simply read the decision of the Administrative Law Judge and realized that his client had failed to prove by a preponderance of the evidence that he was entitled to permanent disability benefits. He then began gathering evidence to prove that contention. Instead of deciding the case on the evidence, the Administrative Law Judge virtually became mentor for Wooten and left the record open for "additional evidence." Counsel for Wooten, like anybody faced with a second chance to make a case, lost no time in submitting "additional evidence."

In reversing the full Commission's decision, the opinion of the panel of this court found that the law judge "should have the power and discretion to reserve his or her decision on a related issue which might be affected by any additional evidence." Ark. Stat. Ann. § 81-1327(c) (Supp. 1985) is cited in support of the

court's statement. *See* 17 Ark. App. at 211. However, I think this view overlooks the point involved.

Although section 81-1327(c) does provide that evidence, in addition to that presented at the initial hearing, may be presented "at the discretion of the hearing officer or Commission," the issue here is whether, on the facts of this case, this court should reverse the full Commission for holding that the law judge erred in reserving the question of permanent disability which had been submitted to him. The Commission was considering a law judge's opinion that indicated he thought a myelogram would be helpful in determining the question of permanent disability, but no one had requested his permission to introduce this additional evidence and Wooten had refused to take a myelogram. Even at the hearing, Wooten said he would take one only "if I get worse; because now I can get around." While I would concede that a law judge has *some* inherent power that would allow him or her to reserve decision on an issue that has not been sufficiently developed by the evidence, surely that power must be exercised with discretion. Under the facts, I submit the Commission was justified in finding that the law judge abused his discretion in this case. To hold otherwise, it seems to me, is to simply substitute our judgment for that of the Commission. After all, "It is just as important that the judiciary respect the province of the Workmen's Compensation Commission as it is that we observe the boundary between the legislative and judicial departments of government." *Oak Lawn Farms* v. *Payne*, 251 Ark. 674, 474 S.W.2d 408 (1971).

I would not, however, simply affirm the Commission's decision. I would remand this matter to the Commission with directions that it remand the matter to a law judge for a decision on the permanent disability question based on the record as it existed on January 2, 1985, which was the day the opinion of the law judge was filed in this case. The Commission's opinion states that this decision should have been made by the law judge on the record before him on that day. Indeed, there was a doctor's report in the record before the law judge that gave Wooten a 25% anatomical impairment to the body as a whole. Thus, the judge should have the opportunity to apply his knowledge of industrial demands, limitations and requirements to the evidence. *See Oller*

v. *Champion Parts Rebuilders*, 5 Ark. App. 307, 635 S.W.2d 276 (1982).

I dissent from the denial of the appellees' motion for rehearing.