Edward Lynn CLARK *v.* SHILOH TANK
AND ERECTION COMPANY and
HARTFORD INSURANCE COMPANY

75-338                                        534 S.W. 2d 240

Opinion delivered March 22, 1976

*Niblock, Hipp & Odom,* for appellant.

*Putnam, Davis & Bassett,* for appellees.

FRANK HOLT, Justice. This is a workmen's compensation case. Appellant was a welder's helper for the appellee, Shiloh Tank and Erection Company, when a sheet of steel fell across his right foot amputating the anterior portion of it. A surgical amputation of the foot at mid-ankle was required. The Workmen's Compensation Commission awarded appellant 125 weeks, the maximum benefit, for the loss of his foot as a scheduled injury under Ark. Stat. Ann. § 81-1313 (c) (11)

(Repl. 1960). An additional 22.5 weeks was awarded (or the equivalent of 5%) as a permanent partial disability to the body as a whole for a back injury which the commission found was attributable to the loss of the foot. The commission further found that the primary limitation in regard to claimant's loss of earning capacity resulted from his amputated foot and not his back. Appellant's sole contention or argument on appeal is that where a scheduled injury is coupled with or produces an unscheduled injury, the combined effect should be apportioned to the body as a whole. Consequently, it is asserted the commission erred in not doing so. We cannot agree inasmuch as appellant's contention would convert a fact question, which is presented here, into a question of law.

It is well established that in compensation cases the burden is upon a claimant to establish his claim for compensation by a preponderance of evidence before the commission. On appeal we consider only that evidence which is most favorable to the commission's finding and affirm if any substantial evidence exists. *Superior Improvement Co. v. Hignight,* 254 Ark. 328, 493 S.W. 2d 424 (1973). In the case at bar there is substantial evidence to sustain the commission's findings. It is undisputed that appellant's foot injury necessitated the surgical amputation at the right ankle. Admittedly, this is a scheduled injury pursuant to Ark. Stat. Ann. § 81-1313 (c) (11) (Repl. 1960). Some fourteen months after suffering the foot injury, the appellant complained to his doctor that he was suffering from pain in his lower back. According to the appellant his back started bothering him when he got off crutches and started using his leg with the prosthesis. According to his doctor, the type of amputation, the use of the prosthetic device and the unlevel limb when not using the device are continuing to aggravate his back condition. In the doctor's opinion the appellant has a 5% permanent partial disability to his back.

We have held that, absent total disability, a scheduled injury or injuries cannot be apportioned to the body as a whole. *McNeely v. Clem Mill & Gin,* 241 Ark. 498, 409 S.W. 2d 502 (1966); *Moyers Brothers v. Poe,* 249 Ark. 984, 462 S.W. 2d 862 (1971); *Anchor Const. Co. v. Rice,* 252 Ark. 460, 479 S.W. 2d 573 (1972); *Meadowlake Nursing Home v. Sullivan,* 253 Ark.

403; 486 S.W. 2d 82 (1972); and *Motor Queen Motel* v. *Sandlin*, 254 Ark. 166, 492 S.W. 2d 257 (1973). In the case at bar, as indicated, there is substantial evidence to support the commission's finding that the appellant was not totally disabled as a result of his scheduled injury or the combination of it and his back injury. It follows that the commission correctly applied the law.

Affirmed.