SEBASTIAN COUNTY, Arkansas *v.* Thelma LEYVA

CA 81-52                          617 S.W. 2d 387

Court of Appeals of Arkansas
Opinion delivered June 24, 1981

160

*Jerry G. James*, for appellant.

*Hardin, Jesson & Dawson* and *Daily, West, Core, Coffman & Canfield*, for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, Sebastian County, appeals from a decision of the Arkansas Workers' Compensation Commission that it was liable as employer for a compensable injury sustained by the appellee, Thelma Leyva. The sole issue on the appeal is whether at the time of appellee's injury she was an employee of Sebastian County or of Western Arkansas Planning and Development District. The appellant argues that there was no substantial evidence to support the finding of the employer-employee relationship between it and appellee, and to the contrary that the evidence overwhelmingly supported a finding that she was in fact an employee of Western Arkansas Planning and Development District. We do not agree.

It is settled that this court will affirm the Workers' Compensation Commission where there is substantial evidence to support its findings and, in evaluating the evidence, will interpret it in the light most favorable to the Commission's finding. *Clark* v. *Shiloh Tank & Erection Co.*, 259 Ark. 521, 534 S.W. 2d 240 (1976); *Superior Improvement Co.* v. *Hignight*, 254 Ark. 328, 493 S.W. 2d 424 (1973). The question on appellate review is not whether the testimony would have supported a contrary finding but whether it supports the findings made by the Commission. *Herman Wilson Lumber Co.* v. *Hughes*, 245 Ark. 168, 431 S.W. 2d 487 (1968). When the record before us is viewed in the light of those well settled rules governing appellate review, we find no error in the determination made by the Commission.

The proper approach to the issue in this case requires an understanding of the Comprehensive Employment Train-

ing Act, 29 U.S.C. § 801, et seq., generally referred to as CETA. The CETA program is designed to fund employment and training in public service jobs for the economically disadvantaged and unemployed. The Act contemplates employment and on the job training for a maximum period of eighteen months, after which the participant must either have become permanently employed at his work site or is terminated from the program and must seek employment on his own account. Appropriate local agencies are designated for the administration of the program and are provided grant funds for the purposes contemplated by the Act. The appointed administrative agency hires unemployed or underemployed persons and pays their wages from the grant funds. Once hired by the agency the employee is placed by that agency at "work sites" in public employment such as city and county departments and other designated agencies. The appellee, Thelma Leyva, was a CETA employee of Sebastian County which had obtained such a grant and been appointed an administrative agency of the CETA program. She was hired by the county on an application form ordinarily used for those seeking county employment. Appellee was initially placed by the county in a job with the local mental health unit and was thereafter recalled by the county, at her request, and placed with the Western Arkansas Planning and Development District in the position of co-ordinator.

The Development District was itself a non-profit organization acting as an administrative agency of CETA. While it had been funded for the purpose of payment of wages to some of its administrative personnel and all of its participants, it had received no funds with which to hire a co-ordinator. The county was requested to provide, and did provide, from its participants a co-ordinator. Appellee was the county participant so selected.

During the term of her work at the Development District, the appellee was paid exclusively by the appellant County, which withheld taxes, social security and health insurance premiums from her wages. The appellee kept her own time sheets and submitted them to the county for payment of her wages. The only payroll function of the

Development District was to verify those time sheets. The Development District did not hire her in the usual sense. She was hired by the County and sent to the Development District for interview to determine if she was acceptable for placement with them. The Development District found her acceptable and furnished her office space, stenographic equipment and supplies, told her what to do and how to do it, and had control over her activities while on the job. While it was stated that the Development District could not fire her in the sense of actual termination, it could request that the County recall her and place her elsewhere. It was further shown that the County could, at will, recall the appellee or place her elsewhere without a request from or the consent of the Development District.

The Development District had twenty-five other employees who were paid by it and from whom taxes and social security were withheld. Other fringe benefits such as sick leave, vacation pay, medical insurance, life insurance and holiday schedules were provided these employees. The appellee was the only person on the staff of the Development District excluded from those benefits. Benefits of that nature were supplied her by the appellant, Sebastian County. There was evidence that the appellee was required to go to the county courthouse for the purpose of submitting her time sheets and receiving her pay, and on occasions she was required to report to the county judge's office for consultation, progress evaluation and skill testing.

On the date of her injury she had been instructed by the County to report to the office of the county CETA supervisor for the purpose of interview and skill assessment by a person designated by the area administrative agency. After that evaluation was completed, she left the courthouse and was returning to the office of the Development District several blocks away. Before reaching that office, and while crossing a street, she was struck and injured by a passing automobile. It was her testimony that at the time of her injury she had not yet reached the Development District's office, from which she had been summoned by the County, or where her vehicle was parked. It was her intention to drive that vehicle to

another location where she had duties to perform on behalf of the Development District rather than return to her office.

On these facts the Commission found that appellee was a "dual employee" of both appellant Sebastian County and the Development District and that either, or both of them, could be held liable to her for Workers' Compensation benefits. The Commission further ruled that in determining liability in such a relationship the controlling element is the claimant's activities at the time of the injury rather than claimant's activities during the entire period of the relationship. The Commission further found that a preponderance of the evidence reflects that at the time of the accident and injury the appellee had not returned to employment with the Development District but was engaged in activities which were necessitated solely by her employment with the County and that such activities were for the benefit of the County. It concluded that the appellant, Sebastian County, was liable for all appropriate benefits under the Compensation Act as a result of those injuries.

Our courts in *Dillaha Fruit Co.* v. *LaTourrette*, 262 Ark. 434, 557 S.W. 2d 397 (1977), recognized that the relationship of employer and employee may be simultaneously sustained between several employers and the same employee; that in such cases the Workers' Compensation Commission might find either or both employers to be liable for workers' compensation benefits; and where the Commission makes such a determination, its finding will be sustained if supported by substantial evidence even though it appears that the testimony would have supported a contrary finding. We cannot say that the Commission's finding, that appellee's recall to the exclusive control of the appellant County had not ended at the time of the injury, is not supported by substantial evidence. It is clear from the opinion adopted by the Workers' Compensation Commission that if appellee had been injured, not while returning from her summons to the county judge's office but while performing her intended errand for the Development District, a contrary finding might have been reached.

We find no error in the decision of the Commission and

affirm its award.

MAYFIELD, C.J., and CLONINGER and CORBIN, JJ., dissent.