22314

Richard LINEN, Respondent, v. RUSCON CONSTRUCTION COMPANY, Employer, and Insurance Company of North America, Carrier, Appellants.

(332 S. E. (2d) 211)

Supreme Court

*Terri J. Morrill* of *Sinkler, Gibbs & Simons*, Charleston, *for appellants.*

*David T. Pearlman* of *Steinberg, Levkoff, Spitz & Goldberg*, Charleston, *for respondent.*

Heard April 24, 1985.

Decided May 8, 1985.

HARWELL, Justice:

This workers' compensation action was initiated by the respondent Richard Linen against the appellants Ruscon Construction Company and Insurance Company of North America. The single commissioner found the claimant had suffered 20% permanent partial disability of the back. The Full Commission awarded the claimant compensation for 50% or more loss of use of the back, which is deemed to be total disability by S. C. Code Ann. § 42-9-30(19) (1976). The circuit court affirmed the Full Commission award, and we affirm.

On appeal, this Court must affirm an award by the Industrial Commission, in which the circuit court concurred, if substantial evidence supports the findings. *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The appellants contend that substantial evidence does not support a finding that the claimant sustained a 50% or more loss of use of the back. In particular, the appellants argue that the medical testimony established, at most, a 30% impairment rating; that only the claimant's own testimony would support a finding of 50% disability; and that improper reliance was placed on the claimant's testimony. We disagree.

Unless the question of the extent of partial loss of use under Code § 42-9-30 is so technically complicated as to require exclusively expert testimony, lay testimony is admissible. The extent of loss of use need not be shown with mathematical precision. Nevertheless, the award may not rest on surmise, conjecture, or speculation; it must be founded on evidence of sufficient substance to afford it a reasonable basis. *Bundrick v. Powell's Garage*, 248 S. C. 496, 151 S. E. (2d) 437 (1966).

The record in the instant case contains testimony by a neurologist, an orthopaedic surgeon, the claimant, and a vocational counselor.

Dr. Wannamaker, the neurologist, testified that the claimant walked in a slightly flexed position. He had difficulty walking on his toes and heels and doing a full knee

bend. After the doctor treated the claimant conservatively with spinal blocks, and he continued to have severe back pain, the doctor concluded that the claimant's back pain was permanent and resulted in a 15% impairment. He stated that repetitive bending or lifting would aggravate the claimant's condition.

Dr. Brilliant, an orthopaedic surgeon, stated that the claimant could only kneel very slowly and had difficulty climbing on and off the examination table. He confirmed the presence of back pain, could not suggest further treatment, and rated the claimant as having a permanent 20-30% impairment of the spine. He opined that heavy manual labor would aggravate the condition.

The claimant testified that he has continued to suffer low back pain, which increases upon bending or lifting. He cannot tie his shoes. He can stand for only 45 minutes at a time and sit for one hour, when he must change positions to alleviate back pain. At times, he must lie down during the day. His back pain affects his sleeping, forcing him to get up at 5:00 or 6:00 A.M. He often wears a back brace at night. The claimant estimated that he had suffered a 75% loss of use of his back.

Finally, the vocational rehabilitation expert testified that the claimant was not employable.

After considering the medical testimony, as well as that of the claimant and the vocational expert, we conclude that the finding of 50% loss of use of the back is supported by substantial evidence.

The appellants cite the cases of *Wynn v. Peoples Natural Gas Co.*, 238 S. C. 1, 118 S. E. (2d) 812 (1961), and *McLeod v. Piggly Wiggly Carolina Co.*, 280 S. C. 466, 313 S. E. (2d) 38 (S. C. App. 1984), to support their assertion that the Commission improperly relied upon the claimant's testimony. Those cases are distinguishable. In *Wynn*, the claimant suffered a work-related heart attack. He returned to work part-time and then resigned, allegedly on doctor's orders. Both of his physicians testified that he was able to work. This Court held that there was insufficient evidence to support a total disability award. In the case at bar, the claimant and the doctors agreed that he could not return to his former job but disagreed on the extent of his disability.

In *McLeod,* the Court of Appeals reversed an award for 25% partial loss of use of the back because the sole testimony regarding the extent of disability came from a general practitioner and the claimant. The court held that the back is a complicated part of the body and that the type of injury and presence of a congenital defect were factors which required a high degree of expert medical testimony.

The doctors in the instant case possessed the requisite degree of expertise. Their testimony, combined with the other evidence, provided ample basis for the Commission findings.

The remaining exceptions lack merit. The judgment below is, accordingly,

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.