0624

Kenneth W. BROWNLEE, Deceased, Johnnie R. Brownlee, Widow, and Vickie Renee and Christopher H. Brownlee, Minors, Appellants v. WETTERAU FOOD SERVICES and Standard Fire Insurance Company, Respondents.

(339 S. E. (2d) 694)

Court of Appeals

*Wheeler M. Tillman* and *Angela S. Broadway*, North Charleston, *for appellants.*

*W. Jefferson Leath, Jr.*, of *Young, Clement, Rivers & Tisdale*, Charleston, *for respondents.*

Submitted Dec. 10, 1985.

Decided Jan. 28, 1986.

GOOLSBY, Judge:

This worker's compensation case involves a claim brought against Wetterau Food Services and Standard Fire Insurance Company by Johnnie R. Brownlee, Vickie Renee Brownlee, and Christopher H. Brownlee, dependents of Kenneth W. Brownlee who died from injuries received in an automobile accident. The circuit court affirmed the denial of death benefits by the South Carolina Industrial Commission. The claimants appeal. We affirm.

The questions on appeal are whether the findings by the Industrial Commission that Brownlee was not acting within the scope of and in the course of his employment at the time he was fatally injured are clearly erroneous in view of the reliable, probative and substantial evidence on the whole

record and whether the circuit court committed error in affirming the Industrial Commission's denial of the claimant's application to introduce new evidence. We address only the first issue. The point raised by the second is manifestly without merit. S. C. Code of Laws § 14-8-250 (1976) (amended 1985).

In a worker's compensation case, the findings of the Industrial Commission cannot be set aside by a court if the findings are supported by substantial evidence and are not controlled by legal error. *Lail v. Georgia-Pacific Corp.,* 285 S. C. 234, 328 S. E. (2d) 911 (1985); *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1981). Here, substantial evidence supports the Industrial Commission's findings that Brownlee was not acting within the scope of and in the course of his employment at the time of his death. Also, those findings are not controlled by legal error.

In September, 1978, Wetterau sent Brownlee, who worked in Wetterau's office in North Charleston, South Carolina, to St. Louis, Missouri, to attend a training seminar. Activities related to the seminar began each day at approximately 7:00 a.m. and ended at 10:00 p.m. Everyone attending the seminar from outside the St. Louis area roomed at the motel where all of the seminar activities took place.

At 1:55 a.m. on Friday, September 29, 1978, Brownlee died in a three-car collision. At the time, he and two other persons were riding as passengers in a company-owned automobile driven by another Wetterau employee. The driver and the other passengers also perished. The accident occurred some distance from the motel and several hours after the last scheduled seminar event had ended.

The only testimony in the record regarding the reason Brownlee left the motel may be gathered from the testimony of Brownlee's roommate, Tom Jameson. His testimony suggests that Brownlee, at the time of his death, was engaged in an activity planned by Brownlee and other seminar participants.

Jameson testified that at 9:00 p.m. Thursday, Brownlee asked if Jameson wanted to go to a movie with him and three other persons attending the seminar. These individuals were the other three persons killed with Brownlee in the company car.

Absent from the record is evidence that Brownlee died while attending either a job-related function or employer-sponsored event. Rather, there is substantial evidence Brownlee died while engaged in an outing that occurred after work, away from the premises of his employer, and at a time when his employer exercised no control over his activities. *Grice National Cash Register Co.*, 250 S. C. 1, 156 S. E. (2d) 321 (1967); *see*, 1A LARSON, THE LAW OF WORKMEN'S COMPENSATION §§ 22.00 and 25.21 (1985); *cf. Perry v. American Bakeries Co.*, 262 N. C. 272, 136 S. E. (2d) 643 (1964) (injury received by employee attending out-of-town sales meeting while off duty and swimming in motel pool held not compensable because activity was not calculated to further directly or indirectly his employer's business).

Absent also is evidence Brownlee died while on the way back to the motel from a restaurant. *Cf. Merritt v. Smith*, 269 S. C. 301, 237 S. E. (2d) 366 (1977) (worker's compensation held the proper remedy for fatal injury received by employee while returning from a restaurant during a job-related conference since eating and going to eat viewed as being within the scope of employment on an out-of-town business trip).

The fact that Brownlee rode as a passenger in a company-owned automobile at the time the fatal accident happened, standing alone, does not render the findings of the Industrial Commission clearly erroneous. This is especially true where the evidence shows, as it does here, the employer permitted employee use of company cars for personal business as long as the employee paid for gasoline and oil.

Affirmed.

SHAW, J., and HOWELL, Acting J., concur.