0716

Erika D. CROPF, Appellant v. The PANTRY, INC., Employer and Ideal Mutual Insurance Company, Carrier, Respondents.

(344 S. E. (2d) 879)

Court of Appeals

*Ken Suggs,* of *Suggs & Kelly,* Columbia, *for appellant.*

*David G. Traylor, Jr.,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for respondents.*

Heard March 24, 1986.

Decided May 19, 1986.

GOOLSBY, Judge:

The issue in this worker's compensation case is whether substantial evidence supports the Full Commission's finding

that the appellant Erika D. Cropf suffered a 30 per cent loss of use of her back because of the injuries Cropf received when she slipped and fell at work. The single commissioner had earlier found Cropf suffered a 5 per cent loss. After the Full Commission made its award, The Pantry, Inc., Cropf's employer, appealed to the Circuit Court. The latter modified the award, finding Cropf sustained only a 15 per cent permanent partial disability. Cropf appeals. We reverse.

In a worker's compensation case, a finding of the Industrial Commission cannot be set aside by a court if the finding is supported by substantial evidence and is not controlled by legal error. *Lail v. Georgia-Pacific Corp.*, 285 S. C. 234, 328 S. E. (2d) 911 (1985); *Brownlee v. Wetterau Food Services*, 288 S. C. 82, 339 S. E. (2d) 694 (Ct. App. 1986). Here, substantial evidence supports the Full Commission's finding that Cropf suffered a 30 per cent loss of use of her back.

In determining that the substantial evidence in the record supports a finding of only 15 per cent permanent partial disability, the Circuit Court looked at the testimony offered by two orthopedic surgeons and two chiropractors.

Neither of the two orthopedic surgeons found Cropf suffered any permanent disability. One chiropractor considered Cropf to have a 15 per cent permanent impairment of the neck, which the Circuit Court said is generally considered part of the back in determining the existence of permanent partial disability, and the other chiropractor stated Cropf suffered permanent disability to some extent, although he did not offer an opinion as to a particular percentage of permanent partial disability.

The Circuit Court, however, overlooked the claimant's own testimony concerning the limitations her injury has placed on her ability to perform the type of work she was doing at the time of injury, *i.e.*, clerking in a convenience store. Cropf, who suffers from no congenital spinal defect and has no history of prior back injuries, testified that she can no longer do the work required of a convenience store clerk.

The Circuit Court also gave little or no attention to the testimony from one of the chiropractors that activities involving standing and walking on concrete and lifting and reaching for things would now probably cause Cropf problems and that Cropf's ability to stoop, squat, and bend would have to be limited.

The Circuit Court implicitly holds that the degree of disability found by the Industrial Commission can be no greater than the degree of disability established by expert medical testimony. In limiting the degree of Cropf's disability to the highest degree established by a medical expert, the Circuit Court disregarded established worker's compensation principles.

Professor Larson in his definitive work on worker's compensation observes:

> As to issues touching disability, it has been held that the fact-finders may find disability when the medical testimony denies its existence, or may find a degree of disability different from any degree supported by medical testimony. . . .

3 A. Larson, *The Law of Workmen's Compensation* § 79.52(c) n. 33 at 15-426.126 — 15-426.127 (1983). Professor Larson's views find expression in *Linen v. Ruscon Construction Co.,* 286 S. C. 67, 332 S. E. (2d) 211 (1985).

*Linen,* which, like the instant case, involved the loss of use of the back, in no way limits the degree of disability to the degree established by the medical testimony. In fact, the Supreme Court in *Linen* found substantial evidence supported an award for a 50 per cent loss of use of the back even though the medical testimony "established, at most, a 30 [per cent] impairment rating." 286 S. C. at 68, 332 S. E. (2d) at 211. *See also Bundrick v. Powell's Garage and Wrecker Service,* 248 S. C. 496, 151 S. E. (2d) 437 (1966) (wherein 50 per cent loss of use of arm upheld even though medical experts testified to 10 per cent and 20 per cent permanent disability); *Windham v. City of Florence,* 221 S. C. 350, 359, 70 S. E. (2d) 553, 556 (1952) (a workers' compensation case in which the Supreme Court stated, "No fact finding body is compelled to blindly accept an expert's opinion").

Because we discern no meaningful distinction between the case here and *Linen,* we therefore reinstate the award made by the Full Commission. *See Cochrum v. Kinro Industries, Inc.,* 352 So. (2d) 456 (Ala. Civ. App. 1977) (wherein court, using the "any evidence standard," upheld the finding that employee who sustained work-related back injury while lifting and moving a machine suffered a 30 per cent disability

to her body despite medical testimony that she had only a 10 per cent disability; *cf. McLeod v. Piggly Wiggly Carolina Co.*, 280 S. C. 466, 471, 313 S. E. (2d) 38, 41 (Ct. App. 1984) ("a higher degree" of expert medical testimony regarding loss of use of back required in workers' compensation case where claimant's back injury resulted from heavy lifting, claimant suffered from a congenital spinal defect, and claimant had previously sustained back injuries in two separate car accidents).

Reversed.

CURETON, J., concurs.

SHAW, J., dissents.

SHAW, Judge (dissenting):

Appellant Erika D. Cropf brought this action seeking worker's compensation benefits for injuries she allegedly received when she slipped and fell at work. The hearing commissioner awarded temporary total benefits and a five percent permanent loss of use to the back. The full commission extended Cropf's temporary total benefits and, without explanation, increased her award for loss of use of the back to thirty percent. Respondent The Pantry, Inc. appealed and the circuit court modified the award for permanent loss of use of the back to fifteen percent.

The sole question on appeal is whether the circuit court exceeded its scope of review in modifying the Industrial Commission's award.

The sole question on appeal is whether the circuit court exceeded its scope of review in modifying the Industrial Commission's award.

A reviewing court may modify an award by the Industrial Commission if the award is "clearly erroneous in view of the reliable, probative and substantial evidence on the whole record ..." S. C. Code Ann. § 1-23-380 (g)(5) (1986); *Lark v. Bi-Lo, Inc.*, 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The record reveals the following facts. On May 16, 1982, Cropf, while working at The Pantry, tripped on an electrical cord and fell. She claims she injured her left leg, foot, back, head, neck, left knee, and fingers. Cropf's family doctor referred her to Dr. Narayan Debroy, and orthopaedic sur-

geon. On May 24, 1982, Dr. Debroy diagnosed Cropf's condition as a "mild strain of the neck and back." He suggested she return to work and return for another appointment in about two weeks. Cropf did neither. Instead, unhappy with Dr. Debroy, she returned to her family doctor who referred her to Dr. Richard Truluck, another orthopaedic surgeon. On June 11, 1982, Dr. Truluck diagnosed Cropf as having a "mild cervical and lumbar sprain." Dr. Truluck wrote Cropf's family doctor noting, "I do not feel that she will have any permanent residual from this. . . . She may return to work at this point."

Upon referral by her attorney, Cropf was examined by Henry Hulteen, a chiropractor, on August 30, 1982. Dr. Hulteen diagnosed Cropf as having "chronic lumbosacral sprain/strain and contusion, possible disc involvement with radicular presentation along the sciatic nerve, cervical sprain and strain with a C-6 radiculopathy" in direct contradiction to the orthopaedic surgeons. Dr. Hulteen's final rating of impairment was ten to fiteen percent of the neck. Cropf also consulted Richard Mooneyham, a chiropractor, "forty or fifty" times between September 3, 1982, and May 3, 1983. Dr. Mooneyham opined Cropf would have problems "in any consistent type of activity." He also believed she would be "adversely affected by changes in weather."

Dr. Truluck again examined Cropf on November 17, 1982, and noted, "I still feel as I did . . . that there is no permanent residual impairment. I have reviewed the exam sent in by Dr. Hulteen and I simply have not been able to find all the problems which he states exist. She did not have them when I last saw her and she does not have them at the present time."

Based on the foregoing, the circuit judge found no rational basis for an award of thirty percent permanent partial disability and awarded Cropf fifteen percent, *the highest impairment rating by any of the medical testimony.* (emphasis mine.)

Cropf argues the medical testimony together with her own justifies the thirty percent award. Cropf testified she cannot sit, stand, lift or do anything for a long period of time. However, lay testimony must be viewed along with all other

testimony. Of necessity for success, a claimant's testimony will be favorable to his or her cause.

While the extent of impairment need not be shown with mathematical exactness, an award may not rest on "surmise, conjecture, or speculation...." *McLeod v. Piggly Wiggly Carolina Co.*, 280 S. C. 466, 313 S. E. (2d) 38, 40 (Ct. App. 1984). This is a particularly true when the injury is to the back; a complicated part of the body requiring evidence of a higher degree of expertise. *McLeod*, 313 S. E. (2d) at 41.

The Supreme Court, in *Linen v. Ruscon Construction Company*, 286 S. C. 67, 332 S. E. (2d) 211 (1985), allowed lay testimony to supplement expert testimony as to the claimant's disability rating. However, *Linen* did not overrule *McLeod.* The *Linen* court expressly found the doctors in that case possessed the expertise required by *McLeod.* In *Linen*, a neurologist and an orthopaedic surgeon testified the claimant would aggravate his condition doing work similar to the claimant's job. Significantly a vocational rehabilitation expert testified, in *Linen*, the claimant was not employable.

A circuit court judge acts in an appellate capacity when reviewing administrative agencies and in this capacity has the authority and the duty to make findings according to his analysis of the entire record. In *Linen* the Supreme Court affirmed the circuit court holding even though there was a difference in the lay testimony and the medical evidence. This court should not substitute its judgment for that of the last reviewing person or body absent a clear abuse of discretion or upon an error of law.

I would hold although lay testimony may supplement expert testimony, an award may not be based on lay testimony alone which so contradicts credible medical testimony. Considering all the evidence, I would hold the circuit judge correctly found no rational basis exists to support a thirty percent award in this action.

I would affirm.