Shelton Ray MILBURN *v.* CONCRETE FABRICATORS, INC.

CA 85-372                                              709 S.W.2d 822

Court of Appeals of Arkansas
Division I
Opinion delivered May 21, 1986

*Kenneth E. Buckner, P.A.*, for appellant.

*Friday, Eldredge & Clark*, by: *Barry E. Coplin*, for appellee.

MELVIN MAYFIELD, Judge. The appellant, Shelton Milburn, appeals a decision of the Workers' Compensation Commission limiting his recovery to a scheduled injury.

Appellant's right thigh bone was badly broken in a 1981 compensable injury. His medical bills, temporary total disability,

and a 30% permanent partial disability rating to the lower extremity have been paid. Additional benefits are claimed for disability to the body as a whole alleged to have been caused by an injury to appellant's hip resulting from his leg injury. The administrative law judge held appellant failed to show by a preponderance of the evidence that he had sustained a hip injury and, therefore, he was limited to the scheduled injury benefits. The full Commission affirmed and adopted the law judge's opinion.

Appellant argues on appeal that there is no substantial evidence to support the Commission's finding that he did not sustain an injury that should have been apportioned to the body as a whole. We agree.

The November 14, 1981, hospital admission summary of appellant's treating physician, Dr. Joe Crow, stated that appellant had an injury to his right hip. On January 24, 1984, Dr. Crow reported that appellant had a "15 degree lack of extension and flexes normally in the involved hip." In a letter dated March 21, 1984, Dr. Crow stated:

Mr. Milburn has an excellently healed fracture of the right femur which was treated with open reduction and internal fixation on November 13, 1981. Presently he has decreased rotation in the right hip and fifteen degree extension lack and normal flexion in that hip. . . . I previously rated him at thirty percent partial impairment to the lower extremity and using the *Guides To Evaluation of Permanent Impairment* of the American Medical Association this would translate to twelve percent permanent partial impairment of the whole man.

The claimant was referred by the insurance carrier to Dr. R. Barry Sorrells of the Little Rock Orthopedic Clinic, and in a letter dated March 14, 1984, Dr. Sorrells said:

At the time I saw the patient his only symptomatic complaint was some pain in the right lateral hip area and some weakness in the right hip area, both noted after long standing or a full day's work.

On further examination this man has some tenderness over the metallic fixation device just below the greater

trochanter of the right hip. He also has rather marked atrophy and weakening of the right gluteus maximus. He has a good range of motion at the hip except he lacks 20° internal rotation.

The appellee argues that the doctors' use of the word "hip" in the above record and reports is only a general physical description of the area of appellant's injury. Appellee also points to a letter from Dr. Sorrells, dated June 10, 1984, in which the doctor states that appellant's "hip joint was really not involved in any way." However, this letter was written to explain some statements made by Dr. Sorrells when he testified by deposition taken on June 4, 1984.

In the deposition, the doctor testified that when he examined appellant "his only complaint was pain in his right hip area" and "some weakness in his right hip." The doctor also said he found "some tenderness just below the greater trochanter of the right hip, which is the area that you can find when you feel your hip bone." He noted "some wasting of the musculature about this area," and testified that appellant's principle disability was "in his hip area, which is a portion of the lower extremity." He also admitted that doctors — particularly orthopedic surgeons — consider a hip problem to be a part of the extremity and not a part of the trunk or main body.

The appellant testified that he has a pin in his leg going up to the ball joint and that all the hurting is in his hip. He said the right hip is three-fourths to one inch smaller than the other side, that his hip bothers him all the time, and that he can no longer do the physical work he could do before his injury.

■■ We believe the evidence is conclusive that appellant sustained a hip injury attributable to his broken leg. Although a scheduled injury cannot be apportioned to the body as a whole absent total disability, *Anchor Construction Co.* v. *Rice*, 252 Ark. 460, 479 S.W.2d 573 (1972), the Arkansas Supreme Court held in *Clark* v. *Shiloh Tank & Erection Co.*, 259 Ark. 521, 534 S.W.2d 240 (1976), that a claimant who had received a scheduled injury could receive additional compensation for an injury which was found to be attributable to the scheduled injury.

In *Taylor* v. *Pfeiffer Plumbing & Heating Co.*, 8 Ark. App.

144, 648 S.W.2d 526 (1983), we reversed a finding that a claimant's shoulder injury was a scheduled injury and held that it was an unscheduled injury which should have been apportioned to the body as a whole. We also said this was primarily a question of law and even if the effects of the shoulder injury extended into the claimant's arm, this would not make the injury a scheduled one.

Arkansas Statutes Annotated Section 81-1313(c)(3) (Repl. 1976), provides scheduled injury payments for a "leg amputated at the knee, or between the knee and the hip." It is clear that the appellant's problem is not *between* the hip and the knee. While *medically* speaking, a hip may be considered a part of the leg, from a *legal* point of view, a hip injury is an injury to the body as a whole under the Workers' Compensation Law.

The decision of the Commission is reversed and this matter is remanded for a determination of appellant's disability from the injury to his hip.

COOPER and CLONINGER, JJ., agree.