1168

WILLIAM J. PRUITT, Respondent v. THERMO-KINETICS INDUSTRIES, INC., and Pennsylvania General Insurance Company, Appellants.

(368 S. E. (2d) 913)

Court of Appeals

*Michael B. T. Wilkes* and *James W. Hudgens*, of *The Ward Law Firm, P.A.,* Spartanburg, *for appellants.*

*John C. Williams, Jr., Williams and Williams,* Spartanburg, *for respondent.*

Heard April 18, 1988.

Decided May 23, 1988.

GOOLSBY, Judge:

In this workers' compensation case, the full commission and the circuit court affirmed the single commissioner's award of total and permanent disability to William J. Pruitt who found Pruitt suffered a 50 percent loss of use of his back because of injuries sustained in a fall from a filter rack while working for Thermo-Kinetics Industries, Inc. Thermo-Kinetics and its carrier Pennsylvania General Insurance Company appeal, claiming the single commissioner's finding is not supported by the substantial evidence and challenging the single commissioner's admission of certain evidence attacked as irrelevant. We affirm.

1. Substantial evidence supports the single commissioner's finding that Pruitt suffered a 50 percent loss of use of his back. *See* Code of Laws of South Carolina § 1-23-380(g)(5) (1976) (the court may reverse the decision of an agency where the decision is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record); *Lail v. Georgia-Pacific Corp.*, 285 S. C. 234, 328 S. E. (2d) 911 (1985) (an agency's finding will not be set aside by a court if the finding is supported by substantial evidence and is not controlled by legal error).

While it is true the medical testimony, none of which involved a general practitioner who expressed a nonexpert opinion but consisted of testimony from a neurosurgeon, a general and thoracic cardiovascular surgeon, and an orthopaedic surgeon, pictured Pruitt as having suffered no more than a 25 percent impairment rating, Pruitt, who suffers from no congenital spinal defect and has no history of prior back problems and whose degenerative disc disease was asymptomatic prior to his fall, testified he now has only between one-third and one-half the use of his neck and back. *See Linen v. Ruscon Construction Company*, 286 S. C. 67, 332 S. E. (2d) 211 (1985) (substantial evidence supported the commission's finding that the claimant sustained a 50 percent loss of use of his back where a neurologist and an orthopaedic surgeon testified to impairment ratings of 15 percent and 20 to 30 percent respectively, the claimant estimated he suffered a 75 percent loss of use of his back, and a vocational expert testified the claimant was unemployable); *Cropf v. The Pantry, Inc.*, 289 S. C. 106, 344 S. E. (2d) 879 (Ct. App. 1986) (substantial evidence supported the commission's finding that the claimant suffered a 30 percent loss of the use of her back because of injuries received in a fall despite the fact that expert medical testimony only established a 15 percent permanent partial disability where the claimant had no history of prior back injuries and testified concerning the limitations her injury placed on her ability to perform the work she was doing at the time of the injury); *cf. McLeod v. Piggly Wiggly Carolina Co.*, 280 S. C. 466, 471, 313 S. E. (2d) 38, 40 (Ct. App. 1984) (wherein the court reversed an award of 25 percent partial loss of use of the back because

the sole testimony regarding the extent of the claimant's disability came from the claimant and a general practitioner who expressed a "nonexpert opinion," the claimant suffered a congenital spinal defect, the claimant had previously sustained back injuries in two separate car accidents, and the claimant's back injury resulted from heavy lifting).

2. Assuming the admission of testimony from Dr. ■ Charles Vander Kolk, an occupational specialist, regarding Pruitt's potential to obtain employment constituted a manifest error of law, and we do not hold it was so, its admission does not constitute reversible error since no prejudice resulted from its admission.

The single commissioner's finding that Pruitt is totally and permanently disabled because he suffered a 50 percent loss of use of his back makes no mention of the testimony from the occupational specialist; rather, the commissioner expressly bases such finding only upon the "lay testimony, the medical evidence, and [her] own observation[s]," a finding we hold above to be supported by substantial evidence. *See* 100 C. J. S. *Workmen's Compensation* § 526 at 514 (1958) (the admission of evidence that is clearly irrelevant, incompetent, or immaterial is not error if there is other competent evidence to support the award).

3. Since we affirm the award of total and permanent disability, we need not reach the question of whether Pruitt reached maximum medical improvement on October 30, 1984, rather than at an earlier date.

Affirmed.

GARDNER and CURETON, JJ., concur.