24307

Louise Y. GILLIAM, Respondent v. WOODSIDE MILLS and Liberty Mutual Insurance Company, Petitioners.

(461 S.E. (2d) 818)

Supreme Court

*Richard B.Kale, Jr.,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for petitioners.*

*Hal J. Warlick,* Easley, *for respondent.*

Heard Dec. 6, 1994.

Decided Aug. 28, 1995.

FINNEY, Justice:

We granted certiorari to review the Court of Appeals' opinion reversing the circuit court and Workers' Compensation Commission decisions. At issue here is whether Respondent Louise Gilliam is limited to workers' compensation benefits under S.C. Code Ann. § 42-9-30(15) (1985) for an injury to her leg as a scheduled member, or whether her resulting hip replacement entitled her to compensation for total disability under S.C. Code Ann. § 42-9-10 (amended 1986). We affirm in part and remand in part.

Respondent injured her hip in an on-the-job accident and required a total hip replacement. Petitioners accepted liability and paid respondent temporary total disability payments. Petitioners later filed an application to stop payment on the basis that respondent had reached maximum medical improvement.

The single commissioner issued an order finding that respondent had reached maximum medical improvement and awarded compensation for permanent and total disability pur-

suant to S.C. Code Ann. § 42-9-10. The full commission affirmed by the circuit court, amended the single commissioner's order, finding Gilliam's compensable injury was confined to her leg and awarded compensation for 85% permanent partial disability to the leg. The Court of Appeals reversed finding the decision was controlled by an error of law. *Gilliam v. Woodside Mills*, 312 S.C. 523, 435 S.E. (2d) 872 (Ct. App. 1993). We granted certiorari to review the Court of Appeals' opinion.

Petitioners assert the Court of Appeals erred in holding as a matter of law, the hip is not part of the leg. Petitioners contend the only question presented to the Court of Appeals was whether there was substantial evidence to support the Workers' Compensation Commission's finding that respondent's injury was confined to her leg. We disagree.

On appeal from the Workers' Compensation Commission, the court may reverse where the decision is affected by an error of law. S.C. Code Ann. § 1-23-380(g)(4) (1986). The Court of Appeals joined several jurisdictions which have held as a matter of law the hip socket is part of the pelvis and not part of the leg for workers' compensation purposes.[1] We do not find error with this view.

Petitioners further contend the determination whether the hip is part of the leg is a question of fact instead of a question of law. There was no dispute in fact that Gilliam suffered an injury to her hip resulting in a hip replacement. The Court of Appeals correctly ruled, given the undisputed facts in this case, it is a matter of law whether the hip socket is part of the pelvis or part of the leg.

Finally, petitioners claim the Court of Appeals erred in failing to remand the case to the commission. We agree.

Petitioners appealed the single commissioner's decision on several grounds in addition to challenging the single commissioner's finding that Gilliam was totally disabled. The full commission found that Gilliam had lost 85% of the use of her leg,

---

[1] *See e.g. Blackburn v. Allied Chemical Corp.*, 616 S.W. (2d) 600 (Tenn. 1981); *Scamperino v. Federal Envelope Co.*, 205 Neb. 508, 288 N.W. (2d) 477 (1980); *Millburn v. Concrete Fabricators, Inc.*, 18 Ark. App. 23, 709 S.W. (2d) 822 (1986); *Lauhoff Grain Co. v. McIntosh*, 395 N.W. (2d) 834 (Iowa 1986); *Altus House Nursing v. Roberts*, 646 P. (2d) 9 (Okla. Ct. App. 1982).

and therefore did not address the degree to which her earning capacity is impaired. *See G.E. Moore Co. v. Walker,* 232 S.C. 320, 102 S.E. (2d) 106 (1958). It was unnecessary for the full commission to address the disability issue, since the commission found respondent's injury was confined to a scheduled member. As a result the full commission did not address the question whether respondent is totally disabled under § 42-9-10 or partially disabled under § 42-9-20 (1985). Accordingly, we remand to the full commission for a determination of disability.

For the foregoing reasons we

Affirm in part and remand in part.

CHANDLER, C.J., and TOAL, MOORE and WALLER, JJ., concur.