600 S.E.2d 127

Debra M. THERRELL, Appellant,

v.

JERRY'S INC. d/b/a Jerry's Travel Center, Employer,
and American Alternative Insurance Company,
Carrier, Respondents.

No. 3843.

Court of Appeals of South Carolina.

Heard June 9, 2004.
Decided July 12, 2004.
Rehearing Denied Aug. 19, 2004.

Robert David McKissick, and William P. Hatfield, both of Florence, for Appellant.

Paul Linwood Hendrix, of Spartanburg, for Respondents.

STILWELL, J.:

In this workers' compensation case, Debra M. Therrell appeals the circuit court's order affirming the full commission's determination that the injuries to her right upper extremity are compensable as an injury to her arm rather than to her shoulder. We affirm.

## FACTS

While employed as a waitress at Jerry's Travel Stop in Clarendon County, Therrell slipped and fell, injuring her right arm and shoulder.

At the hearing before the single commissioner, Therrell described the condition of her right arm and shoulder following the accident. She testified she had difficulty performing everyday tasks such as washing clothes, operating a vacuum cleaner, or getting dressed. She was unable to lift things above her shoulder level, requiring her to rely upon her co-workers to assist her in doing the heavier parts of her job. Therrell described experiencing "burning," "grinding," and "popping" sensations in her right shoulder that were aggravated by repetitive activities. She also testified she has reduced strength in her right hand. Even though she was right-hand dominant prior to the accident, she testified her injury required her to rely primarily on her left hand and arm for tasks associated with her job.

The single commissioner concluded Therrell's injury to her right upper extremity resulted in permanent partial disability of twenty percent pursuant to S.C.Code Ann. § 42–9–30 (Supp.2003), the section prescribing compensation for specific, scheduled body parts. Therrell appealed the award to the full commission, arguing *inter alia* the commissioner erred in concluding the injury was to her arm rather than her shoulder. The full commission affirmed the award of the single commissioner, adopting her findings of fact, but increasing Therrell's permanent disability rating from twenty percent to

thirty percent. The circuit court affirmed the full commission's findings.

## STANDARD OF REVIEW

Our review of a decision of the workers' compensation commission is governed by the Administrative Procedures Act. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 133, 276 S.E.2d 304, 305 (1981). Although this court may not substitute its judgment for that of the full commission as to the weight of the evidence on questions of fact, we may reverse where the decision is affected by an error of law. S.C.Code Ann. § 1–23–380(A)(6) (Supp.2003).

## LAW/ANALYSIS

The question before us is whether the commission properly classified Therrell's injury compensable as a scheduled body member pursuant to South Carolina Code section 42–9–30 (Supp.2003).[1] The answer is in the affirmative.

Section 42–9–30 sets forth a schedule prescribing the amount of compensation to be awarded for loss of various, specifically enumerated body parts and organs. Compensation for injuries to body parts not covered by the statute has been prescribed by the workers' compensation commission under Regulation 67–1101. For all other unscheduled injuries, section 42–9–30(20) provides: "For the total or partial loss of, or loss of use of, a member, organ or part of the body not covered herein and not covered under §§ 42–9–10 or 42–9–20, sixty-six and two thirds of the average weekly wages not to exceed five hundred weeks."

In this case, the single commissioner awarded compensation to Therrell under section 42–9–30(13), which provides: "For the loss of an arm, sixty-six and two-thirds percent of the average weekly wages during two hundred twenty weeks." Therrell claims this was error. She asserts the injury was to her shoulder, not to her arm. Therefore, because the shoulder is not among the body parts listed in section 42–9–30,

---

1. Section 42–9–30 was amended on February 3, 2004. However, the statute in effect at the time of the incident is controlling and governs this case.

Therrell argues her disability was instead governed by the catch-all provision of 42–9–30(20) which would potentially allow for a longer period of compensation—up to 500 weeks rather than the maximum of 220 weeks scheduled for the loss of an arm.

Therrell asserts that the cases of *Gilliam v. Woodside Mills,* 312 S.C. 523, 435 S.E.2d 872 (Ct.App.1993), *overruled on other grounds,* 319 S.C. 385, 461 S.E.2d 818 (1995), and *Roper v. Kimbrell's of Greenville, Inc.,* 231 S.C. 453, 99 S.E.2d 52 (1957), lend support to her position. Her reliance on these cases is misplaced. In *Gilliam,* the issue before the court was whether the claimant suffered injuries to more than one part of the body. The compensable accident damaged Gilliam's right knee and hip, requiring a total hip replacement. The court determined these were multiple injuries justifying an award for permanent and total disability pursuant to section 42–9–10 (Supp.2003). In contrast, Therrell offered no evidence that she sustained more than one injury.

The *Roper* court affirmed an award of loss of use to both arms, even though there was no direct injury to the arms themselves. The *Roper* court held the determination was an issue of fact, stating nothing "in the statute relating to workmen's compensation suggests restriction of their meaning to such total or partial loss of use as has resulted from a direct injury to the member itself." *Roper,* 231 S.C. at 456, 99 S.E.2d at 54.

In deciding whether to award compensation as for a scheduled injury as opposed to a non-scheduled general disability, our supreme court has held:

> The commission may award compensation to a claimant under the scheduled loss statute rather than the general disability statutes so long as there is substantial evidence to support such an award.

> An award under the scheduled loss statute, however, is premised upon the threshold requirement that the claimant prove a loss, or loss of use of, a specific "member, organ, or part of the body."

*Fields v. Owens Corning Fiberglas,* 301 S.C. 554, 555–56, 393 S.E.2d 172, 173 (1990) (citation omitted).

Based on our review of the record, we conclude there is substantial evidence to support the commission's finding that Therrell's injury was properly compensable under section 49–2–30 as a scheduled loss to an arm. Therrell's own testimony indicates her injury affected the use of her right arm, not her shoulder alone. She described her injury as curtailing her ability to use her right hand and arm—essentially requiring her to become left-hand dominant rather than right-hand dominant as she had been before. Moreover, we note Therrell's treating physician rated her injury as an impairment of the "right upper extremity."

For these reasons, we find Therrell's injury was properly classified as the "loss of use of an arm" under section 42–9–30(13). The ruling of the circuit court affirming the commission is therefore

**AFFIRMED.**

HEARN, C.J., and CURETON, A.J., concur.