**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Neal Beckman, Employee, Appellant,

v.

Sysco Columbia, LLC, Employer, and Gallagher Bassett
Services, Inc., Carrier, Respondents.

Appellate Case No. 2013-000005

———————

Appeal From The Workers' Compensation Commission

———————

Opinion No. 2014-UP-492
Heard February 20, 2014 – Filed March 19, 2014
Withdrawn, Substituted and Refiled July 9, 2014

———————

**REVERSED AND REMANDED**

———————

Frederick W. Riesen, Jr., of Riesen Law Firm, LLP, of N.
Charleston, and Stephen Benjamin Samuels, of Samuels
Law Firm, LLC, of Columbia, for Appellant.

Joseph Hubert Wood, III, and Kathryn Fiehrer Walton,
both of Wood Law Group, LLC, of Charleston, for
Respondents.

———————

**SHORT, J.:**  In this appeal from the Workers' Compensation Commission (Commission), Neal Beckman argues the Appellate Panel of the Workers' Compensation Commission (Appellate Panel) erred in finding he was limited to a disability award for his back as a scheduled member because the evidence showed he should have been awarded disability under the loss of earning capacity statute. We reverse and remand.

## FACTS

Beckman, a delivery driver, was injured on March 25, 2010, while loading a hand truck for his employer, Sysco Columbia, LLC (Sysco).  Beckman alleged in his Workers' Compensation Form 50 that he pulled muscles in his back, injuring his back, buttocks, both legs, and right foot.  Sysco admitted Beckman's back injury, but denied his other injuries.  Following the accident, Sysco provided Beckman with authorized medical care and treatment, primarily with Dr. Timothy Zgleszewski.  Beckman also underwent an independent medical evaluation with Dr. Scott Boyd.

On March 8, 2012, Sysco filed a Form 21 seeking to terminate temporary compensation and have an award made for permanent disability compensation. Sysco asserted Beckman reached a level of maximum medical improvement on May 2, 2011, per a note by Dr. Zgleszewski, or alternatively, by February 27, 2012, per a note by Dr. Boyd.

During the hearing before the single commissioner, Sysco asserted Beckman was entitled to permanent disability pursuant to section 42-9-30(21) of the South Carolina Code.  Beckman asserted any permanency award should be based on a loss of earnings under section 42-9-20.[1]  In her order, the single commissioner found Beckman "sustained a 35% permanent loss of use of the spine (encompassing [Beckman's] entire spine and including any alleged radiculitis) pursuant to § 42-9-30(21)."  The single commissioner further found Beckman's treating physician assigned a 15% combined impairment rating for Beckman's back and sacroiliac joint (SI joint), and the independent medical examiner assigned an 8% impairment rating.  However, the single commissioner also found the greater weight of the evidence showed only Beckman's back was affected by the March

---

[1] The parties stipulated to an average weekly wage of $1,062.94, with a resulting compensation rate of $689.71.

25, 2010 admitted injury by accident. The commissioner ordered Sysco to pay a lump sum payment to Beckman representing compensation for 35% permanent loss of use to the back pursuant to § 42-9-30(21), with Sysco being entitled to take credit for all temporary disability compensation paid to Beckman for the period after February 27, 2012.

Beckman filed a Form 30 notice of appeal. After a hearing, the Appellate Panel issued an order affirming the decision of the single commissioner in full. This appeal followed.

## STANDARD OF REVIEW

The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions by the Appellate Panel. *Carolinas Recycling Grp. v. S.C. Second Injury Fund*, 398 S.C. 480, 482, 730 S.E.2d 324, 326 (Ct. App. 2012). Under the scope of review established in the APA, this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse or modify the Appellate Panel's decision if the appellant's substantial rights have been prejudiced because the decision is affected by an error of law or is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." *See* S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2013). "It is not within our province to reverse findings of the Appellate Panel which are supported by substantial evidence." *Hall v. United Rentals, Inc.*, 371 S.C. 69, 79-80, 636 S.E.2d 876, 882 (Ct. App. 2006). Our supreme court has defined substantial evidence as evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Palmetto Alliance, Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984).

## LAW/ANALYSIS

Beckman argues the Appellate Panel erred in finding he was limited to a disability award for his back as a scheduled member because the evidence showed he should have been awarded disability under the loss of earning capacity statute in section 42-9-20 of the South Carolina Code. We agree.

"[T]he guiding principle undergirding our workers' compensation system [is] that the Act is to be liberally construed in favor of the claimant." *Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012). In a workers' compensation case, the extent of impairment "need not be shown with mathematical precision." *Linen v. Ruscon Constr. Co.*, 286 S.C. 67, 68, 332 S.E.2d 211, 212 (1985). However, an award "may not rest on surmise, conjecture, or speculation; it must be founded on evidence of sufficient substance to afford it a reasonable basis." *Id.*

Dr. Zgleszewski assigned a 10% medical impairment to Beckman's back and spine, and a 5% medical impairment to his SI joint, for a combined 15% impairment rating. Dr. Zgleszewski also stated Beckman would need two to three SI joint injections over the following two years. Dr. Boyd assigned Beckman with an impairment rating of 8%. The Appellate Panel's order adopted the single commissioner's finding that Beckman's treating physician assigned a 15% combined impairment rating for Beckman's back and SI joint. The Appellate Panel also adopted the single commissioner's finding that the greater weight of the evidence showed only Beckman's back was affected by the March 25, 2010 admitted injury by accident. Furthermore, the Appellate Panel agreed with the single commissioner's finding that there was no objective evidence of radiculopathy, and Dr. Zgleszewski diagnosed radiculitis based on Beckman's subjective complaints.

Beckman argues the Appellate Panel erred in applying the "two body-part rule" set forth in *Singleton v. Young Lumber Co.*, 236 S.C. 454, 114 S.E.2d 837 (1960). In *Singleton*, Singleton suffered a sole injury to a scheduled member, his leg, and no other condition was claimed to have contributed to his disability. *Id.* at 471, 114 S.E.2d at 845. Singleton argued the injury to his leg was so disabling that he should be found totally disabled. *Id.* at 468, 114 S.E.2d at 844. The court held that because the injury was confined to a scheduled member, compensation must be determined under the scheduled injury statute as provided by the legislature. *Id.* at 473, 114 S.E.2d at 846. Thus, an impairment involving only a scheduled member is compensated under the scheduled injury statute and not the general disability statute. *Id.* The court stated that "[t]o obtain compensation in addition to that scheduled for the injured member, [Singleton] must show that some other part of his body is affected." *Id.* at 471, 114 S.E.2d at 845.

In *Wigfall v. Tideland Utilities, Inc.*, 354 S.C. 100, 106-07, 580 S.E.2d 100, 103 (2003) (citation omitted), our supreme court summarized its holding in *Singleton*:

> *Singleton* stands for the exclusive rule that a claimant
> with one scheduled injury is limited to the recovery under
> § 42-9-30 alone. The case also stands for the rule that an
> individual is not limited to scheduled benefits under § 42-
> 9-30 if he can show additional injuries beyond a lone
> scheduled injury. This principle recognizes "the
> common-sense fact that, when two or more scheduled
> injuries [or a scheduled and non-scheduled injury] occur
> together, the disabling effect may be far greater than the
> arithmetical total of the schedule allowances added
> together."

Similarly, in *Simmons v. City of Charleston*, 349 S.C. 64, 76, 562 S.E.2d 476, 482 (Ct. App. 2002), this court affirmed the Workers' Compensation Commission's finding that the claimant was entitled to proceed under the general disability statute, as substantial evidence was presented that the claimant suffered additional complications to another part of the body, other than a scheduled member. "The policy behind allowing a claimant to proceed under the general disability § 42-9-10 and § 42-9-20 allows for a claimant whose injury, while falling under the scheduled member section, nevertheless affects other parts of the body and warrants providing the claimant with the opportunity to establish a disability greater than the presumptive disability provided for under the scheduled member section." *Id.* (quoting *Brown v. Owen Steel Co.*, 316 S.C. 278, 280, 450 S.E.2d 57, 58 (Ct. App. 1994)). "All that is required is that the injury to a scheduled member also affect another body part." *Id.*

Beckman asserts that although the primary injury was to his back, he also injured his SI joint, and he suffered radiculopathy in his left leg caused by the back injury. He argues that because the evidence shows his injury is not limited to his back, he is entitled to proceed under the loss of earnings capacity statute found in section 42-9-20 of the South Carolina Code. Section 42-9-20 provides:

> Except as otherwise provided in § 42-9-30, when the
> incapacity for work resulting from the injury is partial,
> the employer shall pay, or cause to be paid, as provided
> in this chapter, to the injured employee during such
> disability a weekly compensation equal to sixty-six and
> two-thirds percent of the difference between his average

weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than the average weekly wage in this State for the preceding fiscal year. In no case shall the period covered by such compensation be greater than three hundred forty weeks from the date of injury. In case the partial disability begins after a period of total disability, the latter period shall not be deducted from a maximum period allowed in this section for partial disability.

S.C. Code Ann. § 42-9-20 (1976). Thus, he asserts the Appellate Panel erred in only addressing his disability under the medical model found in section 42-9-30(21) of the South Carolina Code. S.C. Code Ann. § 42-9-30(21) (Supp. 2013).

Beckman cites to *Gilliam v. Woodside Mills*, 319 S.C. 385, 461 S.E.2d 818 (1995), as addressing virtually the same issue as in this case. In *Gilliam*, the employer asserted this court erred in holding as a matter of law that the hip is not part of the leg. *Id.* at 387, 461 S.E.2d at 819. The employer contended the only question presented to the court was whether there was substantial evidence to support the Appellate Panel's finding that Gilliam's injury was confined to her leg. *Id.* Our supreme court disagreed with the employer, noting that on appeal from the Appellate Panel, this court may reverse where the decision is affected by an error of law.[2] *Id.* The supreme court stated this court joined several jurisdictions that have held as a matter of law that the hip socket is part of the pelvis and not part of the leg for workers' compensation purposes, and the court did not find error with this view. *Id.* Beckman, therefore, argues *Gilliam* supports his argument that the SI Joint, which is located in the pelvis, is not a part of the back for workers' compensation purposes.

---

[2] The employer further contended the determination whether the hip is part of the leg is a question of fact instead of a question of law. *Id.* The supreme court found there was no dispute that Gilliam suffered an injury to her hip, resulting in a hip replacement. *Id.* Thus, the supreme court found this court correctly ruled, given the undisputed facts in this case, that it was a matter of law whether the hip socket is part of the pelvis or part of the leg. *Id.*

Sysco cites to *Sanders v. MeadWestvaco Corp.*, 371 S.C. 284, 638 S.E.2d 66 (Ct. App. 2006), in support of its position that Beckman's disability for his SI joint is compensated based on his loss of use of his back. In *Sanders*, the Appellate Panel awarded Sanders compensation under section 42-9-30(19) for an injury to his back due to permanent loss of use of his lumbar spine and SI joint. *Id.* at 290, 638 S.E.2d at 69. The employer argued the circuit court erred in affirming an award of benefits for his back based upon impairment to the lumbar spine and SI joint, which are not scheduled for compensation under section 42-9-30. *Id.* at 289-90, 638 S.E.2d at 69. This court found no reversible error, noting a review of the Appellate Panel's order and the record reflected Sanders' injury and subsequent disability was clearly to his back. *Id.* at 290, 638 S.E.2d at 69. Thus, the court did not specifically hold as a matter of law that the SI joint is a part of the back for workers' compensation purposes.

Regardless of whether the SI joint is a part of the back for workers' compensation purposes, we hold the Appellate Panel's finding that Beckman was limited to a disability award for his back as a scheduled member is not supported by substantial evidence. Instead, the evidence in the record indicates Beckman suffered from radiculopathy as a result of his back injury. Although Dr. Zgleszewski's notes from June 7, 2010, state Beckman's "EMG/NCS does not have a radiculopathy in either leg," the note continues that "EMG/NCS can be an imperfect diagnostic tool for determining radiculopathy." In fact, Dr. Zgleszewski's notes from June 7, 2010, and July 9, 2010, state a diagnosis of radiculitis. Dr. Zgleszewski's notes from June 7 and July 9 provide Beckman complained of pain that radiated to his left buttock and left hip. Dr. Zgleszewski noted during his physical examinations of Beckman: "There is tightness noted in the left piriformis muscle(s) today. There is tenderness over the bilateral PSIS's. There is a positive Fortin Finger test bilaterally[.] Neural tension signs are positive in the left leg in the seated slumped position." Dr. Zgleszewski's notes from November 10, 2010, state Beckman was still suffering from pain that radiated to his left buttock and left hip. His physical examination noted: "There is tightness noted in the left piriformis muscle(s) today. Neural tension signs are positive in the left leg in the seated slumped position. . . . There is tenderness over the left Greater Trochanter." Dr. Zgleszewski's notes from March 21, 2011, and May 2, 2011, again provide Beckman continued to suffer pain that radiated to his left buttock and left thigh and down to his left foot. He also noted the pain radiated to his left hip. Dr. Zgleszewski further noted during his physical examinations: "There is tenderness over the left greater trochanter"; "There is tightness noted in the left piriformis and Gluteals muscle(s) today"; and "Neural tension signs are positive in the left leg in the seated slumped

position."  Dr. Zgleszewski's statement to the Commission, dated September 2, 2011, states Beckman suffered from "sacroiliitis; lumbar disc injury & radiculopathy."  Furthermore, Dr. Boyd's notes from Beckman's independent medical evaluation on February 27, 2012, state Beckman suffered pain that radiated down into his left leg, and he had numbness around his foot.

Therefore, we find the Appellate Panel's order was clearly erroneous in view of the substantial evidence in the record that Beckman suffered from radiculopathy as a result of his back injury.  *See* S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2013) ("The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.").  As a result, Beckman is entitled to proceed under the loss of earnings capacity statute found in section 42-9-20 of the South Carolina Code.

**CONCLUSION**

Accordingly, we reverse the Appellate Panel and remand the case to the Commission to address Beckman's eligibility for an award under section 42-9-20 of the South Carolina Code because the Appellate Panel's finding that Beckman's injury is confined to a scheduled member is not supported by substantial evidence.

**REVERSED AND REMANDED.**

**HUFF and THOMAS, JJ., concur.**